The People *v.* Loop.

SUPREME COURT. Tompkins General Term, October, 1857. *Gray, Mason* and *Balcom,* Justices.

THE PEOPLE *v.* GEORGE LOOP.

In an indictment for robbery in the first degree ( 2 *R. S.,* 677, § 55 ), the defendant was charged with having feloniously assaulted J. D., on, &c., at, &c., and then and there feloniously putting him in fear and danger of his life, and then and there feloniously and violently stealing, taking and carrying away from his person and against his will, certain money of the said J. D., to wit, current bank bills of the value of fifteen dollars, and silver coin of the value of three dollars, of the goods and chattels of the said J. D., against, &c., and it was held sufficient, without setting forth the number and denomination of the bank bills and the amount secured thereby and remaining unsatisfied thereon, or the number and description of the pieces of silver coin.

CERTIORARI to the Chemung Oyer and Terminer, where the defendant was convicted on an indictment, charging him with feloniously assaulting John Dickinson, on the 1st day of October, 1854, at Elmira, and then and there feloniously putting him in fear and danger of his life, and then and there feloniously and violently stealing, taking and carrying away from his person and against his will, " certain money of the said John Dickinson, to wit : current bank bills of the value of fifteen dollars, silver coin of the value of three dollars, of the goods and chattels of the said John Dickinson, against the form of the statute in such case made and provided, and against the peace of the people of the State of New-York, their laws and dignity."

The defendant's counsel claimed that the verdict was not warranted by the evidence. He also insisted that the indictment was defective and insufficient, because it did not

show the number and denomination of the bank bills that were stolen from Dickinson, or the amount secured thereby and remaining unsatisfied thereon, or the number, size and description of the pieces of silver coin that were stolen from him.

*S. B. Tomlinson* (District Attorney), for the people.

*Erastus P. Hart*, for the defendant.

*By the Court,* BALCOM, J.—The ruling of the Oyer and Terminer, upon the offer of the district attorney, to give certain evidence by the witness, Rutter, was too plainly correct to require any examination by this court. And we could not say that the verdict of the jury was not warranted by the evidence in the case, if a motion to set it aside, as against evidence, was properly before this court.

The definition of robbery at common law is, a felonious taking of money or goods, of any value, from the person of another, or in his presence against his will, by force and violence, or putting him in fear. (4 *Bl. Com.*, 243 ; *Barb. Cr. Tr.*, 134; *Whart. Cr. L.*, 540.) The legislature has enacted that, "Every person who shall be convicted of feloniously taking the personal property of another from his person or in his presence, and against his will, by violence to his person, or by putting such person in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree." (2 *R. S.*, 677, § 55.)

The indictment in this case charges the defendant with the crime of robbery in the first degree, and it contains all the necessary averments to make it good under the statute. If it were an indictment for larceny only, perhaps it would be insufficient, by reason of the omission of its framers to describe and state in it the number of bank bills and pieces of silver coin that were taken from Dickinson. (*Low v. The People*, 2 *Park. Cr. R.*, 37 ; 11 *Cush.*, 142.) But in cases

The People *v.* Loop. .

of robbery, the value and description of the property stolen are not very material matters ; the gist of the offence being the force and terror.   And it has been held, " where a man was knocked down and his pocket rifled, but the robbers found nothing except a slip of paper containing a memorandum, an indictment for robbing him of the paper was held to be maintainable." ( *Rosc. Cr. Ev.*, 393 ; *Barb. Cr. Tr.*, 134.) Enough is set out in the indictment against the defendant, to show that he took personal property of value from Dickinson, to wit, bank bills and specie, and that is sufficient.

If the defendant should be indicted for simple larceny, in stealing the same bills and silver coin from Dickinson, his conviction on this indictment would be a bar to the charge of larceny; and parol evidence of the kind of bills and coin proved to have been taken by him, on his trial upon this indictment, would be admissible to establish the identity of the offences. ( *The People* v. *McGowan*, 17 *Wend.*, 386.)

No injustice was done to the defendant on his trial.   His conviction should be affirmed, and the Chemung Oyer and Terminer should be advised to pronounce judgment.

Proceedings affirmed.