By the Court, E. Darwin Smith, J.
The defendant’s counsel on the trial requested the court to charge the jury that there was no felonious intent proved, and the judge refusing so to charge, the counsel for the defendant duly excepted. This exception is not well taken. It was a question for the jury whether a felonious intent was proved. The judge should not have charged as requested. It would have been a clear invasion of the proper- province of the jury. The intent of the prisoner in taking the watches was to be inferred from the evidence, and was not a question of law.
The second request to charge was, that if Hall believed that he was getting his own property back or security for it, then there was no felonious intent—was clearly a sound proposition if predicated upon any evidence — but the judge thought there was no evidence to call for such a charge, and did in substance so say to the jury, and to this part of his charge there is no exception.
The third request to charge that mere snatching of the watches would not constitute robbery, and the exception to the refusal of the judge so to charge, I will consider in connection with the exceptions to the charge.
It seems to me that the exceptions to the charge are well taken. The judge said that the court are of opinion that if you believe the statements of these witnesses, the evidence will justify you in finding that the degree of violence was used by the defendant which will constitute the offense, provided all the other elements of the offense are established. And at the close of the charge the learned judge said further: “ The instruction to you is, that the testimony is sufficient to warrant you in determining that the defendant did commit the offense charged in the indictment.’
*642 It seems to me that these portions of the charge did virtually relieve the jury from their proper duty to pass upon the force of the evidence. The judge had refused to charge that there was no felonious intent, and that the mere snatching of the watches from the hands of the complainant did not constitute robbery. Taking these refusals with the charge, as made, I think the jury must have understood that they were virtually instructed by the court that the offense was made out and that it was their duty to convict the prisoner.
Under this submission, I think it quite doubtful whether the jury, passed at all upon the question of the felonious intent, which is of the very essence of the offense. They doubtless believed that the prisoner took the watches from the person of Johnson, as stated by him and the witness, Ranger, and supposed that if they believed that evidence they were bound to convict.
Such at least may have been their understanding of the charge. It was not at least in explicit terms submitted to them to consider with what view, purpose or intent the prisoner took the watches. The crime of robbery is a high offense, one of the highest in, the law, and involves, upon a conviction in the first degree, imprisonment in the State prison for a term not less than ten years. It consists, as-defined by statute (2 Rev. Stat., 677, sec. 55), “in the felonious taking the personal property of another from his person, or in his presence and against his will, by violence to his person, or by putting such person in fear of some immediate injury to his person.”
It is not pretended in this case that the prosecutor was put in any fear of injury to his person. The crime rests upon the other portions of the definition. The question was whether it was taken with a felonious intent, by violence to the person of the prosecutor.
The judge instructed' the jury in substance that the degree of violence used was sufficient to warrant them in *643 finding the defendant guilty of the offense. In this I think the learned judge erred, although the view taken by him is probably warranted by several English cases.
™ The mere snatching a thing from a person has, in terms, "never been considered robbery, but has been in repeated cases held not to be robbery. The snatching of a bundle suddenly from the hand of a boy in the street was held not to be robbery in McCauley's case (1 Leach, 287; 1 Roscoe Crim. Ev., 898; 2 Russ., 67).
The snatching of an umbrella suddenly out of the hand of a woman, as she was walking in the street, was held not to be robbery. (2 Foster, 708; 2 Russ, on Crim., 67.)
In Stewart’s case it was ruled by Lord Holt that snatching a hat and wig from the head of a person walking in the street was no robbery. (2 East, 702.)
And yet, in several cases quite like this, snatching from the person was held to be robbery. In Lanier's case (2 East P. C., 57 and 708), earrings were pulled suddenly from the ears of the prosecutrix in a crowd, with such violence as to draw blood from her ears. This was held to be robbery. And in Mason’s case (Russ. & Ryan, 419), the prisoner seized the seal and chain of the prosecutor’s watch and pulled it from the fob, and it being secured by a steel chain around the neck, broke the chain by two or or three jerks, and made- off with the watch. This was held to be robbery.
But I do not believe in such law, and do not think these cases were rightly decided. These are really nothing but cases of snatching from the person. It is, it seems to me, straining the law to hold that these cases are really distinguishable in principle from those above cited and numerous other cases holding that mere snatching from the person is not robbery. The fact that a little blood was drawn from the ear in the Lazier case, and two or three jerks were made to break the chain holding the watch around the neck in Mason’s case, are circumstances *644 of dissimilarity too insignificant and non-essential to turn a case of larceny—if the intent were felonious—into a case . of robbery. It seems to me almost trifling with fact and law to say the earrings in Lapier’s case, and the watch in Mason’s, were taken with such violence to the person, within the proper sense and meaning of that expression in our statute, as to constitute the crime of robbery.
A much more rational view of the law of robbery is taken in the case of McLosky v. The People, in 5 Park. Crim. Pep., 366. In this case, Judge Emott says: “The property must be taken by violence to- the person which means more than an assault and battery. The violence must be sufficient to force the person to part with his property, not only against his will, but in spite of his resistance.” The gist of the crime of robbery is the force and terror. (1 Hale P. C., 552; 2 Past P. C., 707.)
The especial heinousness of the offense of robbery .over simple larceny, consists in the terror and fear inspired, and in the apprehension and danger of injury to the person involved in the commission of the offense. When there is nothing to inspire fear, there must be superior force, and the property must be relinquished upon a struggle, and upon compulsion. In the Lapier case a mere child might have snatched the earrings from a grown up, strong woman. It would be preposterous in such a case to say that the crime was robbery. So in Mason’s case, a boy of ten or twelve years of age might, by surprise, have snatched the watch and broke the chain by a sudden jerk or two from a strong, athletic man, and run off with it before he could be arrested or hindered. I cannot think, in such a case, the boy could be convicted of robbery. The violence .to the person essential to constitute robbery, must be actual, and not constructive. There must be such force employed, or such degree of force, as shall overcome the free agency or power of resistance of the person despoiled. This rule only applies to cases where the property *645 is taken from the person, or in his presence, and against his will, by violence to his person and with a felonious intent, and not to that class where property is taken by putting a person in fear. Upon this question of felonious intent, it seems to me the facts in this case rather repel the inference of a felonious intent. The property was taken in the day time, in the public street of a populous village, and in the presence of a constable and other persons, and where it was impossible for the prisoner to get away with the property, and where the facts were necessarily all open and so well known as to render it impossible for the prisoner to appropriate the property to his own use, or deprive the owner of it except temporarily.
For these reasons, I think the exceptions to the charge and to the refusal to charge as requested, that mere snatching was not robbery, should be allowed, and the case should be submitted to another jury.
The conviction should therefore be reversed, and a new trial ordered.
Johnson, J., concurred. J. C. Smith, J., dissented.