## No. 6501.

### STATE OF LOUISIANA vs. MOLLIE ROBINSON ET AL.

When the facts, as charged in the indictment, constitute the crime of robbery, the mere omission of the word " rob," will not invalidate the indictment.

The absence of a witness is no ground for a continuance, unless the party asking the continuance shall make affidavit that he expects to procure the absent witness, and that the facts to be proved by such witness, can not be proved by any other one, known to affiant.

The judge a quo may make any ruling as to the manner of conducting a trial, in order to secure a prompt decision, which is not prohibited by law, and which works no prejudice to the accused.

APPEAL from the Superior Criminal Court, parish of Orleans.   *Shaw,* J.

*H. R. Steele,* Attorney General, for the State.

*Brown & Dalton,* for defendants.

The opinion of the court was delivered by

SPENCER, J.   Defendants, Mollie Robinson and Maria Davis, were, on information, tried and convicted of robbery.   The information charges that they, " with force and arms, etc., in and upon one F. E. Long, in the peace of the State then and there being, did make an assault and him the said F. E. Long in bodily fear and danger of his life then and there feloniously did put, and money in paper, currency, etc., to the amount and of the value of $618, of the goods, chattels, and property of the said F. E. Long, from the person and against the will of the said F. E. Long,

then and there feloniously and violently did seize, take, and carry away," etc.

A motion in arrest of judgment was made on the ground that the charge in the information did not amount to a crime under the laws of Louisiana. And the same ground is assigned in this court as error apparent on the face of the record. The counsel urges that the accused are not charged with "robbing," but with "seizing" the property of F. E. Long.

The charge is in substance that they did make an assault upon, and put in bodily fear and danger of his life, one F. E. Long, and then and there feloniously and violently did seize, take, and carry away from his person and against his will $618. These facts charged constitute robbery, and the failure to use or the omission of the word "rob" is immaterial.

The affidavit for continuance was insufficient in two respects —

First—It does not state that there was any expectation of being able to procure the absent witness; and,

Second—It does not aver that the facts sought to be proved by him could not be proved by other witnesses known to the accused, but merely that "deponents can not prove the facts by any other witness summoned here to-day on their behalf."

It further appears that while counsel for defendants were examining a juror on his *voir dire*, as to his knowledge of the case at bar, the judge becoming impatient at having "the information read over many times in slow tones" as each juror was examined, directed its discontinuance as an unnecessary consumption of time. It appears, moreover, that the juror in question was challenged and set aside for cause.

Courts are established to try causes, and of necessity must have some discretion and control in the manner of conducting them. Of course, every reasonable opportunity should be accorded the accused to make good his defense, but it must be borne in mind that while the accused has rights, the State has them also. As a general rule, the judge should interfere as little as possible with the methods of the counsel engaged in conducting a cause; but it is manifest that cases might arise when it would be the duty of the judge to force the parties to proceed more expeditiously, as where it is manifest that the effort is to prevent, instead of to facilitate, a trial. We have no reason to believe the accused in this case suffered any prejudice from the action of the court.

The counsel, in their brief, call the attention of the court to a statement made in their motion for a new trial, to the effect that the jury returned into court and asked further instructions, which were given; that counsel then asked the judge to further instruct them, which he refused to do. It suffices to say that such a statement in a motion for new trial can not

be noticed by this court. A bill of exceptions should have been taken showing the facts and the judge's refusal.

· We see no reason to disturb the verdict of the jury and the sentence of the court.

. It is therefore ordered, adjudged, and decreed that the verdict and judgment appealed from be affirmed with costs.