<hr/>

(March 16, 1891.)

## TERRITORY v. McKERN.

### [26 Pac. 123.]

ROBBERY—EVIDENCE—OPINION OF WITNESS NOT PERMISSIBLE.—Defendant was indicted for robbery. H., a witness for prosecution, testified that he saw defendant scuffling with Miles (the party alleged to have been robbed); saw defendant hand something to McLouthlin, co-respondent, an alleged accomplice of defendant. Witness said "he thought" defendant took what he handed to McLouthlin from the person of Miles; didn't see him take it, but "thought he did, because he thought he did." Motion to strike out latter part of testimony as to what witness "thought" denied. *Held,* such denial was error, as it was not a matter upon which the opinion of witness was permissible.

STATUTE OF IDAHO DEFINED.—The statutes of Idaho define robbery as "the felonious taking of personal property in the possession

of another from his person or immediate presence, and against his will, accomplished by means of force or fear." Under an indictment upon this statute the trial court charges the jury as follows: "As to the force, the court instructs you that if a man stealthily filch from the pocket of another, the force necessary to remove the property is all the force that the statute requires." *Held,* error.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

T. M. Stewart, for Appellant.

Opinions as to the main point in issue invade the province of the jury, and are therefore inadmissible. (*Conner v. Stanley,* 67 Cal. 315, 7 Pac. 723.) No confession made under the influence of hope or fear is admissible. (*People v. Jim Ti,* 32 Cal. 60; *People v. Ramirez,* 56 Cal. 533, 38 Am. Rep. 73; *People v. Brown,* 59 Cal. 353; *People v. Center,* 66 Cal. 551, 5 Pac. 263, 6 Pac. 481.) A confession made to a person apparently acting by authority, making the defendant believe that he will get off easier, is inadmissible. (*People v. Wolcott,* 51 Mich. 612, 17 N. W. 78.) If there is reasonable ground for presuming that the disclosure was made under the influence of a promise, it ought to be excluded. (*State v. Day,* 55 Vt. 510; *People v. McGloin,* 91 N. Y. 241; *Ellis v. State,* 65 Miss. 44, 7 Am. St. Rep. 634, 3 South. 188; *Simmons v. State,* 61 Miss. 243.)

George H. Roberts, Attorney General, for the Territory.

There being no evidence presented by the record, an instruction is presumed to be applicable to the evidence. Confidential communications to clerks, confidential agents, etc., are admissible. (Rapalje on Witnesses, sec. 278.)

HUSTON, J.—The defendant was indicted and convicted at the May term, 1890, of the district court for the county of Bingham of the crime of robbery. "Robbery," as defined by the statutes of Idaho, "is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." The evidence in this case, as shown by the record, is as follows: "One W. D. Hood testified that he was in Poca-

tello on or about the twenty-eighth day of January last. Knows the defendant. Saw him there about that time. Started to go into a saloon, when witness met this man and one McLouthlin. Afterward saw them get into a scuffle. While they were scuffling, saw defendant hand McLouthlin something. He took this something, and dodged into next room. Didn't see what it was that he handed him. He got it from an old man that he was scuffling with. Didn't see him get it from him. Wouldn't swear that he got it from him. Thought he got it from him, because I thought so." On cross-examination this witness testified, in response to the question what he saw: "I think he got it from this man, and I saw him pass it to McLouthlin. Didn't think he would get into a scuffle without some object. The old man was very drunk. Think the defendant was sober." James Criswell, a witness on the part of the prosecution, testified, as appears by the record, in substance as follows: "Was in Gundecker's saloon at 5 o'clock on the morning of that day [January 28, 1890]. Saw this man and a man by the name of Miles standing close together, and defendant had his right arm over his shoulder, and while he was standing there he took something from Miles' pocket, and it was handed to this man McLouthlin, and he left the room. Witness was not more than two or three feet away when defendant took, and saw him take it from his pocket." On cross-examination, this witness testified, as appears by the record: "That there was no scuffle at all. That there were in the saloon only witness Hood and the bar-tender. This occurred about five minutes after witness entered the saloon. Don't know what the parties were doing before. Defendant and Miles stood in position described some time. When witness entered they were standing close to the window. McLouthlin's, whereabouts, when he saw the defendant put his arm around the old man, unknown to the witness. They were not standing in that position when witness entered. The old man was drunk—very drunk. Didn't seem to know what was going on. Don't think he realized what was going on. Question. You say you saw no scuffling? Answer. Yes, sir; that is what I say. McLouthlin took what the defendant handed him, and left the room." Samuel Gundecker, a witness for the prosecution, tes-

tified: "That he was a machinist residing at Pocatello, Idaho. Was there on the twenty-eighth day of January last. Was keeping the People's saloon. Saw the defendant on that day, after the occurrence in the saloon, in the jail at Pocatello. Witness, having learned what had occurred, thought he would look up the case, and found the man, and he acknowledged to him that he got the money, and when witness asked him what he did it for, he said that it was to get out of town. Didn't state what he did with the money, or what was the amount." On cross-examination, this witness testified that when he called on this man in jail he asked him what he did with what he took, and what he took the money for; and he said he didn't take any money; and after witness made him believe that he was going on his bond, and told him that it was no use to deny it, for that he knew that he was the man—after that, he said he was the fellow who done it, and that he didn't know what he was doing. Witness is sure that he said this. It was previous that witness made him believe that he would go on his bond. This witness, proceeding, testified that he took the man McLouthlin with him to the jail, and that he was present at the conversation already related. "Witness is a detective, and so told the defendant. Has no interest in securing the conviction of the defendant. Hope to be a partner of the district attorney." There was no testimony offered by defendant.

The above is the substance of all the evidence in the case. There were several requests to charge on the part of the defendant, which were refused by the court, to which exceptions were taken. The first error assigned by the defendant is the refusal of the court to strike out so much of the testimony of the witness Hood as states "what he thought." It is not proper to permit a witness, except in the case of an expert, to testify as to his opinion in regard to a fact, or the occurrence of a fact. The witness had already stated what he saw. He had detailed the facts and circumstances upon which his opinion, or his "thought," as he expresses it, was based; but we cannot say what weight the opinion or "thought" of the witness may have had with the jury. The rule as given by Professor Best, in his work on Evidence (page 494, note 1), is as follows: "The opinion of a witness is not in general to be received. Facts

should be stated, and not inferences made." In the same note he says: "Where, therefore, it is both desirable and possible that the jury should draw an inference from the facts upon which the witness must necessarily base his opinion, and these facts can be placed before the jury, the opinion of the witness is not to be received." (Best on Evidence, 495, and cases cited in note 1.) This would seem to exclude the statement of an opinion in such a case as that under consideration. The witness had already stated all the facts within his knowledge, and we think the inference to be drawn from these facts should have been left to the jury, unaided by the "thought" or opinion of the witness. Defendant's motion to strike out so much of the testimony of the witness Hood as stated what he thought defendant did, should have been allowed. (*Abbott v. People,* 86 N. Y. 471.) We do not think the second assignment of error is well taken. The confessions of the defendant to the witness Gundecker were not made to a person or under circumstances that would exclude them as evidence. Gundecker was not, nor did he pretend to be, acting under authority at the time the confession was made. The fourth assignment of error is as to the oral charge of the court, in the following words: "As to the force, the court instructs you that, if a man stealthily filch from the pocket of another, the force necessary to remove the property is all the force that the statute requires." We think this was error. Subdivision 6, section 7855 of the Revised Statutes of Idaho, provides that, in criminal cases, the charge of the court "must be reduced to writing before it is given, unless by mutual consent of the parties it is given orally." It does not appear that any such consent was given. Again, the charge does not correctly state the law. It virtually abolishes all distinction between robbery and larceny from the person. Larceny from the person is made grand larceny by our statute. (Idaho Rev. Stats., sec. 7048, subd. 2.) There are other assignments of error which we do not deem it important to consider. The judgment of the court below is reversed, and it is ordered that said defendant be discharged.

Sullivan, C. J., and Morgan, J., concur.