## No. 13,645.

· · STATE OF LOUISIANA VS. YOUNG WRIGHT.

### SYLLABUS.

1. In an indictment for shooting with a pistol with intent to kill, the trial court charged the jury that one of two verdicts only could be returned— "guilty" or "not guilty." No objection was raised on behalf of the accused at the time, no bill of exception reserved, and no special charge as to other verdicts requested. A conviction followed, and then, in a motion for new trial, it is set up that the court erred in the charge referred to, and that besides a verdict of "guilty," or one of "not guilty," it was competent for the jury to have returned a verdict of "assault with a dangerous weapon," or of "assault with intent to kill," or of simple "assault." To the ruling of the lower Judge, refusing the new trial, a bill of exceptions was taken and the case brought here.

HELD: The objection comes too late when raised for the first time on a motion for new trial. The time to have raised it was at the conclusion of the charge.

2. The accused cannot be permitted to take his chances of acquittal under the charge as delivered, and, afterwards, when the chance goes against him, object to the charge and urge it as grounds for new trial.

3. Capital cases an exception to the rule.

4. Admonition to District Judges to carefully instruct jurors as to the several verdicts that may be responsive under the law to indictments.

APPEAL from the Fourth Judicial District Court, Parish of Lincoln—*Dawkins, J.*

*Walter Guion,* Attorney General, and *F. F. Preaus,* District Attorney, (*Lewis Guion,* of Counsel,) for Plaintiff, Appellee.

*Barksdale & Barksdale* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J.   The defendant was indicted for wilfully and feloniously, with a dangerous weapon—a pistol—shooting one Quincy LeGrand with intent to kill.

He was convicted and appeals from a sentence of twelve months at hard labor.

The case comes up on two bills of exception. Both are predicated upon motions for a new trial.

In the first motion, as grounds for a new trial, it was averred the court, to the prejudice of the accused, had charged the jury that one of two verdicts only could be returned—"guilty," or "not guilty."

The motion was overruled and a bill taken.

The contention of the accused is that this charge was error; that besides the verdict of "guilty," or "not guilty," it was within the province of the jury, under the law and the indictment, to have found a verdict of "assault with a dangerous weapon," or of "assault with intent to kill," or of simple "assault."

The judge, in the bill, says the failure to charge that other verdicts than that of "guilty," or "not guilty," could be found, was an oversight, but that neither defendant nor his counsel, both present at the time, raised any objection, and that, at the close of the charge, to the inquiry from the bench whether or not he desired any *special* charge given, counsel replied in the negative.

*Ruling*—This objection comes too late, when raised for the first time, on a motion for new trial. The court's charge was not in writing. The objection should have been raised at the time the charge was given, or at once upon its conclusion, and a bill then and there reserved. The accused cannot be permitted to take his chances of acquittal under the charge as delivered, and afterwards, when the chance goes against him, object to the charge and urge it as grounds for new trial. State vs. Bird, 38 La. Ann. 497; 35 La. Ann. 773; 34 La. Ann. 106, 1213; 45 La. Ann. 42; 41 La. Ann. 1066; 39 La. Ann. 229; 30 La. Ann. 536; 29 La. Ann. 364.

An exception to the above is made in capital cases. For instance, in murder trials the charge of the court to the jury *must* inform them that should they find the accused to be guilty of murder they may, in their discretion, qualify their verdict by the addendum "without capital punishment," or may, on an indictment for murder, bring in a verdict for manslaughter; and the failure to do this may be taken advantage of later, though not excepted to at the time of the charge. State vs. Brown, 40 La. Ann. 725; State vs. Obregon, 10 La. Ann. 799; State vs. Brown, 41 La. Ann. 410; State vs. Jones, 46 La. Ann. 1395; State vs. Thomas, 50 La. Ann. 148.

In the latter case, which was a murder trial, the court, on page 155, said, in substance, that the rule is limited to cases such as the one

then before the court, and did not apply to trials for crimes of less magnitude than murder.

We deem this, however, an opportune occasion to admonish district judges that they should, in all cases where the law permits of other conclusions than that of simple "guilty" or "not guilty," carefully instruct the jury as to the several verdicts that may be responsive to the indictment.

In the second motion for new trial it was averred in substance that one of the jurors (naming him), who had sat on the case, was disqualified and incompetent by reason of the fact that owing to prejudice against the negro race, to which the accused belonged, he was incapable of the same fairness and impartiality on the trial of a negro that would characterize him were a white man being tried for the same offence.

Evidence was adduced on the trial of this motion, and it all comes up attached to the bill reserved to the court's ruling denying the motion.

*Ruling*—It suffices to say that an examination of this evidence does not satisfy us that the charge against the juror of want of fairness and impartiality was made out.

Judgment affirmed.