# COURT OF GENERAL SESSIONS — NEW YORK COUNTY.

## August, 1916.

## THE PEOPLE v. NATHAN STEIN.

(96 Misc. 507.)

SENTENCE *—WHEN ILLEGAL—EVIDENCE—WHEN INADMISSIBLE—PENAL LAW, § 2444—CODE CIV. PRO., § 832—CODE CRIM. PRO., § 392.

After the conviction of a defendant of any of the offenses enumerated in section 4 of chapter 579 of the Laws of 1915, as amended in 1916, and prior to the imposition of sentence, it is incumbent upon the magistrate to give due notice and opportunity to the defendant to be heard in opposition to accusations of prior convictions of any or each of said offenses during the twenty-four months just previous or three or more times previous to the present conviction, and any sentence in excess of six months imposed upon such a defendant without notice, etc., is illegal and void.

Compliance with the two conditions prescribed by said section is indispensable before a defendant convicted of any of the offenses enumerated therein can be legally sentenced to the workhouse for an indeterminate period of two years.

Where after defendant was properly convicted of disorderly conduct tending to a breach of the peace, one of the offenses enumerated in section 4 of chapter 579 of the Laws of 1915, as amended, and before the imposition of sentence, the magistrate without complying with the requirements of said section as to notice, etc., sentenced defendant to the workhouse for an indeterminate period of two years, such sentence is illegal, and the judgment of conviction will be modified and defendant sentenced to a term of six months in the workhouse to take effect from the date of his conviction.

Even if the magistrate had given defendant due notice and opportunity to be heard in opposition to the accusations of prior conviction, and even if the two convictions of defendant for acts of juvenile delinquency, offenses not enumerated in said section 4 of chapter 579

---

* See Note, Vol. 13, p. 431.

of the Laws of 1915, as amended, had occurred within twenty-four hours just previous to the present conviction, the testimony of the probation officer by which such prior convictions were sought to be established was hearsay and inadmissible, section 2444 of the Penal Law requiring record proof.

The statutes (Code Civ. Pro., § 832; Code Crim. Pro., § 392, and Penal Law, § 2444) which provide that for the purpose of affecting the credibility of a witness the fact that he had been convicted of a crime may be proved by the record, or his admission on cross-examination, impliedly prohibit the reception of any other or different proof.

APPEAL from a judgment rendered in the City Magistrates' Court.

*Clarence Y. Palitz,* for appellant.

*Frederick J. Sullivan, Deputy Assistant District Attorney,* for People.

ROSALSKY, J.:

The defendant appeals from a judgment rendered in the City Magistrates' Court on the 5th day of June, 1916, convicting him of the offense of disorderly conduct tending to a breach of the peace, in that he loitered in front of the German and the Corn Exchange Banks, in the borough of Manhattan, county of New York, for a period of about one and one-half hours, and that he followed an unknown woman who came out of the latter bank. The defendant was sentenced to the workhouse for an indeterminate period not to exceed two years.

The appellant urges that the judgment of conviction should be reversed on the following grounds: 1. That the evidence of guilt was inadequate; 2. That the sentence is illegal because the magistrate failed to comply with section 4 of chapter 579 of the Laws of 1915, as amended by chapter 287 of the Laws of 1916.

There is no merit in the claim of the appellant that his

conduct fails to spell out the offense of disorderly conduct tend-
ing to a breach of the peace.  Upon the uncontradicted facts
the defendant was clearly guilty of this offense. (People v.
Mansi, 129 App. Div. 386.)

The contention of the appellant that the sentence is illegal
must be sustained.

Section 4, *supra,* among other things, provides as follows:
" That no person convicted in any of said cities of vagrancy,
disorderly conduct, tending to a breach of the peace, public
prostitution, soliciting on streets or public places for the pur-
pose of prostitution, or the violation of section one hundred
and fifty of chapter ninety-nine of the laws of nineteen hun-
dred and nine, as amended, shall be sentenced to any such
workhouse for a definite term until the finger print records
of the City Magistrates' Courts of said city are officially
searched with reference to the particular defendant and the
results thereof duly certified to the court; and provided, fur-
ther, that if it shall appear to the court at any stage of the
proceeding prior to the imposition of sentence and *after due
notice and opportunity to the defendant to be heard in oppo-
sition to such accusation of prior convictions* that any person
convicted of any or each of these offenses last enumerated has
been convicted of any or each of these offenses two or more
times during the twenty-four months just previous, or three
or more times previous to the conviction, then the court shall
sentence such offender to a workhouse of the said department
of correction in said city for an indeterminate period.  The
term of imprisonment of any person convicted and sentenced
to any such workhouse for an indeterminate period shall not
exceed two years and shall be terminated by the parole com-
mission in the manner prescribed in section five of this act
and not otherwise."

The magistrate not only failed, after the conviction of the
defendant and before the imposition of sentence, to give due

notice and opportunity to the defendant to be heard in opposition to the accusation of prior convictions but there was no legal proof before him establishing that the defendant had been convicted "of any or each of these offenses two or more times during the twenty-four months just previous" to the present conviction. These two conditions are indispensable before a defendant convicted of any of the offenses enumerated in section 4, *supra,* can be sentenced to the workhouse for an indeterminate period of two years.

In People v. Dean (94 Misc. Rep. 502), my learned associate, Judge NOTT, said: "I am unable, however, to find that upon the proceedings had after the defendant was pronounced guilty and before sentence, she received any notice whatever that those proceedings were being had under the provisions of the statute to determine whether or not she should receive an increased punishment as a second offender. She was removed to have her finger prints taken without such notice. * * * When she was brought back after the finger prints had been taken, she received no such notice. * * * In my opinion, therefore, she was not accorded due process of law upon the proceedings to determine whether or not she was a second offender."

Since the statute in clear and explicit terms makes it incumbent upon the magistrate, after the conviction of a defendant of any of the offenses enumerated in section 4, *supra,* and prior to the imposition of the sentence, to give due notice and an opportunity to the defendant to be heard, in opposition to the accusation of prior convictions, then any sentence in excess of six months imposed upon such a defendant without notice, etc., is illegal and void.

To establish the prior convictions of the defendant the magistrate called Probation Officer McCroddy who testified, among other things, as follows:

"Defendant's previous police record is as follows: March

25th, 1906, in Children's Court for petit larceny, stealing purse containing $6 from a Rose Greenwald, of 116 Columbia Street. March 26th, pleaded not guilty and convicted by Justice McAvoy, and sentence suspended.

"December 26th, 1907, in Third District Court, burglary, broke into junk shop and stole a quantity of brass valued at $10.  Complainant was Jacob Frank of 501 East Houston Street.  Remanded to January 2d, 1908, when he was discharged by Magistrate Breen.

"March 9th, 1908, in Children's Court, trying doors of soda water stands and acting suspiciously.  Pleaded guilty to section 291 Penal Law and was committed by Justice Mayo to the House of Refuge, on his father's request.  Released from House of Refuge September 1st, 1909.  Reported regularly and finished parole.

"May 26th, 1916, Third Court, attempted robbery.  Magistrate Levy adjourned the case to the 29th, and then to the 30th, when he was discharged."

Thus, it will be observed that the two convictions of the defendant were for acts of juvenile delinquency and not of offenses mentioned in section 4, and that both of these convictions occurred at least eight and ten years, respectively, prior to the present conviction.

Even if the magistrate had given the defendant due notice and oportunity to be heard in opposition to the accusation of prior convictions, and even if the two convictions of the defendant had occurred within twenty-four months just previous to the present convictions, the testimony of the probation officer could not be legally admitted for the reason that there is an express statute which requires that the conviction of a person must be proved by the record and not by parol.  (Penal Law, § 2444; People v. Cardillo, 207 N. Y. 70.)  Furthermore, the testimony of the probation officer was purely hearsay.

In this case, *supra,* a witness called by the People testified

as follows: "Q. Did the defendant tell you that he had spent one year and twenty-five days in jail near Trenton for striking a man in the eye? Mr. Hughes: Objected to as leading and irrelevant, immaterial and incompetent. Objection overruled. Exception taken by Mr. Hughes. A. He did. By the Court: Q. Did he tell you that in English? A. Yes, sir, the same day."

Chief Judge BARTLETT, writting the opinion, said:

"It was not permissible to prove the defendant's conviction, of crime in this way. In removing the disqualification of convicted persons as witnesses, the Legislature prescribed the methods and the only methods by which a conviction can be proved. (See People v. McGloin, 91 N. Y. 241, 1 N. Y. Crim. 154.) Section 832 of the Code of Civil Procedure provides as follows: 'A person, who has been convicted of a crime or misdemeanor is, notwithstanding, a competent witness in a civil or criminal action or special proceeding; but the conviction may be proved, for the purpose of affecting the weight of his testimony, either by the record, or by his cross-examination, upon which he must answer any question, relevant to that inquiry; and the party cross-examining him is not concluded, by his answer to such a question.' Section 392 of the Code of Criminal Procedure declares that the rules of evidence in civil cases are applicable also to criminal cases; and section 2444 of the Penal Law provides: 'A person heretofore or hereafter convicted of any crime is, notwithstanding, a competent witness, in any cause of proceeding, civil or criminal, but the conviction may be proved for the purpose of affecting the weight of his testimony, either by the record, or by his cross-examination, upon which he must answer any proper question relevant to that inquiry and the party cross-examining is not concluded by the answer to such question.'

"These enactments which thus explicitly prescribe the record or the admission of the witness on cross-examination as the

means whereby his conviction may be proved for the purpose of affecting his credibility impliedly prohibit the reception of any other or different proof."

The indeterminate sentence not to exceed two years being illegal, the judgment, therefore, must be modified by the imposition of a definite sentence, and accordingly the defendant is sentenced to a definite term of six months in the workhouse, the sentence to take effect from the date of his conviction, namely, June 5, 1916.

Judgment modified and, as so modified, affirmed.

---

## NOTE ON ROBBERY.

Robbery at common law is the taking, with intent to steal, of personal property in possession of another, from his person or in his presence, by violence or by putting him in fear.

Under statutes of New York, robbery is the unlawful taking of personal property, from the person or in the presence of another, against his will by means of force or violence, or fear of injury, immediate or future, to his person or property, or the person or property of a relative or member of his family or of any one in his company at the time of the robbery. (Penal Law, § 2120; Penal Code, § 224.)

Force or fear must be employed; the degree of force is immaterial. (Id., §§ 2121, 2122.)

Taking property secretly is not robbery. (Id., § 2123. See Norris Case, 6 City Hall, 86.)

The taking of possession must be accomplished by violence *or* by putting in fear. (People v. Glynn, 54 Hun, 332; affd., 123 N. Y. 631.)

It is not robbery to take property under a bona fide claim of right or title. (Rex v. Hall, 3 C. & P. 409.)

The fact that A, a creditor, violently assaulted B, his debtor, and so forced him to give a cheque and money in payment of the debt was held not to make A guilty of robbery, because there was no felonious intent. (Reg. v. Hemmings, 4 F. & F. 50. But see Farrin v. State, 51 Tex. Cr. 41.)

Taking in joke was held not robbery.  (Com. v. White, 133 Pa. St. 182.)

The mere snatching of an article from the person of another without violence or putting in fear is not robbery.  (People v. Hall, 6 Park. Cr. 642; McCloskey v. People, 5 Park. Cr. 299.)

Simply knocking property out of owner's hand and picking it up after he has left is similar to snatching and is not robbery.  (People v. McGinty, 24 Hun (N. Y.), 62; Rex v. Francis, East P. C. 708.)

It is held to be robbery where defendant snatched a watch from owner's person with sufficient force to break the chain.  (Perry v. Com., 27 Ky. L. Rep. 512.)

Or in snatching a watch, tore the chain from the buttonhole and from the watch.  (State v. Broderick, 59 Mo. 318.)

The force may be used similarly to bewilder or confuse.  (Mahoney v. People, 3 Hun (N. Y.), 202.)

No blow or injury is necessary.  (Com. v. Davis, 23 Ky. Rep. 1717.)

There is sufficient violence to constitute robbery where the victim's property is taken from his pocket without his knowledge, while he is being pushed or shoved about.  (Snyder v. Com., 21 Ky. L. Rep. 1538.)

Or with such force as to bruise or render lame the owner's arm.  (Klein v. People, 113 Ill. 596.)

It is robbery where an officer, under pretense of making a search, holds up the victim's hands and extracts money from his pocket.  (Tones v. State, 48 Tex. Cr. 363.)

It is not robbery to obtain property from another without violence by artifice and trickery.  (Thomas v. State, 91 Ala. 34, 9 So. 81; Doyle v. State, 77 Ga. 513; Shinn v. State, 64 Ind. 13, 31 Am. Rep. 110.)

Or by the use of only sufficient force to remove the property from the owner's pocket.  (Fanning v. State, 66 Ga. 167; Territory v. McKern, 3 Ida. 15, 26 Pac. 123.)

Or from his presence.  (Bowlin v. State, 72 Ark. 530, 81 S. W. 838.)

But under Ga. Pen. Code (1895), section (151) as amended, it is held that a sudden snatching of money, with intent to steal, is robbery by force.  (Pride v. State, 125 Ga. 750.)

To obtain money by a threat to take the party before a magistrate and thence to prison is not robbery.  (Rex v. Wood, 2 East P. C. 732.)

Obtaining money from a woman by threatening to accuse her husband of an indecent assault is held not robbery. (Rex v. Edwards, 5 C. & P. 518.)

If threats to prosecute for other crimes are accompanied with violence or intimidation and property is given up in consequence, the offense held robbery. (Sweat v. State, 90 Ga. 315.)

Carrying marked money, in anticipation of being robbed, in order to detect the robber is not the consent referred to in the statute. (Tones v. State, 48 Tex. Cr. 363.)

Where a man is knocked down without previous warning and stripped of his property, while senseless, it is taken against his will. (Rex v. Hawkins, 3 C. & P. 392.)

Or where force is used to divert the owner's attention, while his property is being taken without his knowledge. (Snyder v. Com., 55 S. W. 679.)

It is not necessary that the property should belong to the person from whose possession it was forcibly taken. (People v. Anderson, 80 Cal. 205.)

Mere possession or custody in an employee is sufficient to constitute him the owner as against the robber. (State v. Montgomery, 181 Mo. 19.)

A loser at cards, who by force compels the winner to surrender the money won, is not guilty of robbery. (Gant v. State, 115 Ga. 205.)

The owner of property, entitled to its possession, is not guilty of robbery in violently taking it from the person of the possessor. (People v. Vice, 21 Cal. 344.)

Defendants, who forcibly entered an express car and by violence ejected the express agent, cut the train in two parts and moved a portion about a quarter of a mile, where they blew the safe, were guilty of robbery. (State v. Kennedy, 154 Mo. 268.)

An indictment for highway robbery, which charges the offense to have been committed near the highway, is good. (State v. Anthony, 29 N. C. 234.)

It is not necessary to specify the particular highway. (State v. Burke, 73 N. C. 83.)

The omission of the word "rob" will not invalidate the indictment where the facts as charged constitute robbery. (State v. Robinson, 29 La. Ann. 364.)

It is not necessary that the prisoner should intend to appropriate the property to his own use. (Jordan v. Com., 25 Gratt. [Va.] 943.)

The use to which it is subsequently put in no way affects the question of guilt. (Hope v. People, 83 N. Y. 418.)

A, traveling with B, and having been intrusted with B's goods to help carry them, by violence feloniously exerted against B, carried off the goods. *Held*, that A was guilty of robbery, since up to the time of the violence his possession was constructively that of B, and the taking being in B's presence was constructively from his person. (James v. State, 53 Ala. 380.)

While B was in his smokehouse, about fifteen paces from his house, defendant came up and said that if B put his head out, he would " shoot it off." Defendant entered house and carried off valuables of B. *Held*, robbery, although B did not know why he was detained. (Clements v. State, 84 Ga. 660.)

Where defendant by violence bound owner and then went in another room and took the property, there was a sufficient taking from the person. (State v. Calhoun, 72 Iowa, 432.)

Fear not a necessary element of the crime as defined by this section, but may be an element which goes to make up the crime. (People v. Glynn [1889], 54 Hun, 332, 7 N. Y. Supp. 555; affd., without opinion, 123 N. Y. 631.)

Ownership of property taken by the one having it in charge or that it was taken from his person need not be proven, provided it was unlawfully taken in his presence against his will and by means of force or fear. (People v. Madas [1911], 201 N. Y. 349, 352.)

Force or violence, in depriving a man of his property, is an essential ingredient of robbery. (Mahoney v. People [1874], 3 Hun, 202, 5 Th. & C. 329.)

Where the property is not obtained by putting the person in fear of injury to the person, the violence necessary to make the offense amount to robbery must be sufficient to force the person to part with his property not only against his will, but in spite of his resistance. (McCloskey v. People, 5 Park. 299.)

It is robbery to extort personal property from another by means of threats of an unfounded charge, known to the prisoner to be groundless. (People v. McDaniels, 1 Park. 198.)

To snatch an article from the person of another not robbery. (McCloskey v. People, 5 Park. 299; People v. Hall, 6 id. 642; State v. Somers, 12 Mo. App. 374; Shinn v. State, 64 Ind. 13, 31 Am. Rep. 110. But see Evans v. State, 80 Ala. 4.)

What circumstances sufficient to prove the *corpus delicti* on a trial for robbery. (Bloomer v. People, 3 Keyes, 9, 1 Abb. Dec. 146.)

The property may be laid as belonging either to the actual owner or to the person robbed. (Brooks v. People [1872], 49 N. Y. 436, 10 Am. Rep. 398.)

While fear is not a necessary element of the crime under this section, it may be an element which goes to make up the crime. (People v. Glynn [1889], 54 Hun, 332, 7 N. Y. Supp. 555; affd., without opinion, 123 N. Y. 631.)

Secretly picking a pocket is not robbery, there must be a putting in fear. (Norris Case, 6 City Hall Rec. 86.)

As complainant, who, from a continuous spree, was in superlative state of gross intoxication, and his statement as to the incidents of the crime were so confused as to compel the conclusion that his recollection thereof was indistinct, there must be strong corroborative evidence as to his possession of the money which he testified was taken from him, and of defendant's connection with the crime. The mere presence of the defendant at the place of the robbery, and the fact of his flight satisfactorily explained, is not sufficient corroboration. (People v. O'Neil [1889], 6 N. Y. Supp. 226.)

Where evidence has been given tending to identify defendant and another as the persons who had participated in the robbery, though they were not seen together on the day or occasion when it was committed, it may be shown that they were associates a short time before the occasion in question, though they were not at that time apparently engaged in any unlawful enterprise, especially where defendant claims that they were strangers. (People v. Flanagan [1897], 22 App. Div. 516, 12 N. Y. Cr. 549, 48 N. Y. Supp. 241.)

As complainant was entering a street car an accomplice of defendant crowded him against the door, while the prisoner threw his arms around complainant's neck, pulled him toward him, and removed a wallet from his pocket. *Held,* that defendant was properly convicted of robbery in the first degree. (Mahoney v. People [1874], 3 Hun, 203.)