BOWLIN *v.* STATE.

Opinion delivered June 11, 1904.

1. ROBBERY AND LARCENY DISTINGUISHED.—In a prosecution for robbery proof that defendant and another cut a rope by which a jug of whisky was attached to the horn of the saddle of the prosecuting witness, and carried off the whisky against the consent of the prosecuting witness, but without using force or putting him in fear, establishes that defendant was guilty of larceny, and not robbery. (Page 532.)

2.  APPEAL—REMANDING TO BE SENTENCED FOR LOWER CRIME.—On appeal
    from a conviction of robbery where the evidence shows that defend-
    ant was guilty of petit larceny, the cause will be remanded with
    directions to the lower court to render judgment accordingly.
    (Page 532.)

Appeal from Greene Circuit Court.

ALLEN N. HUGHES, Judge.

Reversed.

*W. W. Bandy, B. H. Crowley,* for appellant.

The indictment. was fatal on demurrer.  Sand. & H. Dig.
§ 1883; 33 Ark. 563; 50 Ark. 501; Rapalje. Larceny, 446, 648;
Hughes, Cr. L. § § 774, 792.  To constitute robbery, the taking
must be from the person or in the presence of the person
robbed.  Hughes, Cr. L. 566, 782; Rapalje, Larceny, 444;
Hughes, Cr. L. § § 766, 782.  The defendant had a right to a
full and correct statement of the law, which was omitted in this
case.  Hughes, Cr. L. § 3243; 56 Ark. 594; 60 Ark. 613; 63
Ark. 262; Rapalje, Larceny, § 248.  The instruction defining an
assault should have been given.  50 Ark. 528.  The law relating
to an *alibi* should have been given.  1 Am. & Eng. Enc. Law,
451; Rapalje, Larceny, § 256; Hughes, Cr. L. § § 3245, 3249; 65
Ark. 487; 55 Ark. 244; 59 Ark. 279; 69 Ark. 177; Rice, Cr.
Ev. 688.

*George W. Murphy, Attorney General,* for appellee.

WOOD, J.  Appellant was convicted of the crime of robbery.
The indictment was sufficient.  So much of the evidence as is
necessary to explain the point decided is given by the prosecuting
witness as follows:

"I went in there and hung that jug over the horn of my
saddle, and I got on my horse.  I unhitched him before I hung
the jug over the horn of my saddle, and as I went to get up on
my horse those two men walked up to me, and Ben Bowlin took
hold of my horse, and asked me to swap horses with him, and I
told him I would not, and Zollie Carpenter came up and asked
me for a drink of whisky, and I told him I would not give it to

him, and Ben Bowlin kept on talking to me about swapping horses, and Zollie Carpenter stepped away, and said, 'Let the kid go,' and Ben Bowlin didn't want to turn my horse loose, and directly I saw Ben Bowlin give Carpenter something; and before that, though, Zollie Carpenter had tried to slip the jug off of the horn of my saddle, and I had my hand on it, and told him not to do that, and he stepped back to Bowlin, and Bowlin slipped him something—I could not see what it was—and Zollie Carpenter came back, and cut the rope, and ran off with the jug of whisky."

These facts do not constitute robbery. In *Routt* v. *State,* 61 Ark. 594, we held that the snatching of money from another's hand, without using force or putting in fear, would not be robbery. That case and the authorities there cited show clearly that the offense here charged is not robbery. The same case is authority for the conclusion that appellant is guilty of larceny, and should be punished for that. The judgment is therefore reversed, and the cause is remanded, with directions to the lower court to render judgment against appellant for petit larceny, and to assess such punishment as to the court seems proper under the statute in such cases.