## LAMORE v. UNITED STATES.
### No. 8452.

United States Court of Appeals for the District of Columbia.

Decided May 29, 1943.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and George E. McNeil, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before SOPER, Circuit Judge, sitting by designation, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Only one question is presented on this appeal, namely, whether, upon an indictment charging robbery, appellant could properly be convicted of larceny. Counsel for appellant and for the government agree that no case in this jurisdiction has declared the law expressly upon the point; although, in several cases, the general proposition has been recognized that such a conviction is proper for a lesser constituent offense.[1] Section 1035 of the Revised Statutes[2] provides that: "In all criminal causes the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offense so charged, if such attempt be itself a separate offense."

Robbery was defined by the common-law writers as a species of *aggravated larceny*.[3] The two offenses were described as "intimately connected, the one being included in the other."[4] The language of the early cases indicates general acceptance of this proposition. Thus, in Merriman v. The Hundred of Chippenham:[5] "It was objected to be no robbery; there being no force used; *but only larceny*." [Italics supplied.] Conviction of larceny upon indictment for robbery was common practice.[6] The question of the present case may be considered as well settled, therefore, both at common law and in the uniform practice of the courts throughout the United States.[7] We see no reason for reopening the question or giving serious consideration to another possibility. No reason, persuasive or plausible, is urged for doing so in the present case.

Affirmed.

---

[1] United States v. Cropley, C.C., Dist. of Columbia, 25 Fed.Cas. page 701, No. 14,892 (assault with intent to kill and simple assault); United States v. Dixon, C.C., Dist. of Columbia, 25 Fed.Cas. page 872, No. 14,968 (burglary and larceny); United States v. Read, C.C., Dist. of Columbia, 27 Fed.Cas. page 716, No. 16,126 (housebreaking and larceny); Owens v. United States, 61 App.D.C. 132, 58 F.2d 684 (murder in the first degree, murder in second degree).

[2] 18 U.S.C.A. § 565.

[3] 4 Bl.Comm. 242: "*Open and violent larceny from the person*, or *robbery*, the *rapina* of the civilians, is the felonious and forcible taking from the person of another of goods or money to any value, by violence or putting him in fear." 2 East, Pleas of the Crown 707; 3 Bouvier's Law Dictionary, Rawle's Third Revision, p. 2971: "Robbery, by the common law, is larceny from the person, accompanied by violence or by putting in fear; and an indictment therefor must allege that the taking was from the person, and that it was by violence, or by putting in fear, in addition to the averments that are necessary in indictments for other larcenies; 1 Leach 195; Com. v. Humphries, 7 Mass. 242."

[4] 2 East, Pleas of the Crown 552.

[5] 2 East, Pleas of the Crown 709.

[6] See, for example, Harman's Case, 1 Hale, Pleas of the Crown 534–535: "* * * and because he took it not with such violence, as put *Halfpenny* in fear, it was ruled to be but stealth, and not robbery, for the words of menace were used after the taking of the purse, wherefore he was found guilty only of larciny, [sic] and had his clergy."

[7] See, for example, Southerland v. Commonwealth, 217 Ky. 94, 288 S.W. 1051; Bowlin v. State, 72 Ark. 530, 532, 81 S. W. 838, 839; People v. M'Gowan, 17 Wend., N.Y., 386; State v. Lewis, 9 N.C. 98, 11 Am.Dec. 741; Commonwealth v. Humphries, 7 Mass. 242.