## LAMORE v. LAUGHLIN.
### No. 8985.

United States Court of Appeals
District of Columbia.

Submitted Jan. 8, 1947.

Decided Feb. 10, 1947.

Mr. James M. Earnest, of Washington, D. C. (appointed by this court) submitted on the brief for appellant.

Mr. James J. Laughlin, pro se, submitted on his brief.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a summary judgment in favor of appellee who was defendant below in an action brought against him by appellant for damages for fraud, misrepresentation, suppression of evidence, and abandonment of duty in connection with appellant's employment of appellee to represent him in a criminal appeal.

Appellant was convicted of crime in the District Court and engaged appellee, who had not represented appellant below, to prosecute an appeal. The conviction was affirmed by this Court in Lamore v. United States, 78 U.S.App.D.C. 12, 136 F.2d 766. Appellant then brought habeas corpus proceedings alleging that he was improperly represented by his trial counsel in the lower court. The trial judge who heard this petition for habeas corpus found the facts to be otherwise and dismissed the petition.

In his complaint against appellee, appellant contends that appellee was derelict in that during the appeal he suppressed evidence of fact tending to show appellant was ineffectively represented at the trial and in that he had refused to take further legal action in appellant's behalf. Appellee moved for summary judgment filing therewith a supporting affidavit setting forth the facts surrounding his engagement by appellant and making reference to the habeas corpus proceedings instigated by appellant. This motion was granted and a final judgment entered for appellee.

Appellant concedes that his first allegation of dereliction is substantially answered by the District Court's findings of fact in habeas corpus No. 2513 referred to in appellee's affidavit. He contends, however, that his remaining allegations "clearly present genuine issues as to material facts" which prevent a disposition of the cause by summary judgment. It is difficult to follow the line of argument that because certain allegations in the complaint were not answered they present genuine issues of fact. To the contrary, the very absence of controversial pleadings as to these allegations results in there not being genuine issues of fact. We are of opinion that as to the whole matter the trial court was correct in finding that no genuine issue of material fact existed and in ruling that appellee was entitled to judgment as a matter of law.

We have examined the other points raised by appellant and do not think they present any matter which would justify a reversal of the judgment below.

Affirmed.