Wesley WALKER, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22137.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 28, 1969.

Decided April 28, 1969.

Petition for Rehearing Denied
June 20, 1969.

---

4. Compare People v. Gutierrez, 128 Cal.App.2d 387, 275 P.2d 65, 67 (1954).

approached them on the street and asked whether they were interested in some feminine companionship. Complainants were; they went with appellant to an apartment house and climbed several flights of stairs. Appellant told them he wanted to arrange matters with the girls, and when he returned he told complainants to place their money in an envelope which he would mark and seal. They became suspicious and refused to give him custody of their money. Appellant pulled out and threatened them with use of a knife if they did not hand over the money. They turned over their cash, in excess of $300, and appellant fled.[4]

Appellant's testimony denied the use or threat of force. He specifically denied pulling a knife on them. He testified as follows: His intention was merely to get their money through the "Murphy Game."[5] The men voluntarily accepted his suggestion that they put their cash in the envelope he proffered, to avoid being "rolled" by the girls. But when appellant turned around one of the men became suspicious and grabbed him. A scuffle ensued. Appellant wrested himself free and fled without the cash.

At the close of the evidence the trial judge and counsel discussed the proposed instructions. The court proposed substantive charges on robbery and assault with a deadly weapon, and both counsel acquiesced. After summations to the jury the court again conferred with counsel. He stated that he proposed to instruct on larceny as a lesser included offense of robbery. Defense counsel protested, but the judge gave that charge, and the verdict was for grand larceny.

1. Appellant protests the trial judge's failure to advise his trial counsel of the intention to charge the lesser included

Mr. Robert F. Sutphin, with whom Mr. Robert J. Kurrle, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Thomas M. Susman, Attorney, Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Edward T. Miller, Asst. U. S. Attys., were on the brief, for appellee.

Before McGOWAN, TAMM and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellant Walker was indicted for robbery[1] and assault with a deadly weapon.[2] His appeal raises questions with respect to the charge to the jury on the lesser offense of grand larceny,[3] of which he was convicted. We affirm.

This was the testimony of prosecution's complaining witnesses: Appellant

---

1. 22 D.C.Code § 2901 (1967).

2. 22 D.C.Code § 502 (1967).

3. 22 D.C.Code § 2201 (1967).

4. Appellant said they only put around $50 each in the envelope.

5. The object of this confidence scheme is to volunteer to lead interested men to some

girls. The men are invited to place their cash in an envelope for safekeeping, to make sure that they will not be "rolled." The thief turns his back on his victims on the pretense of marking the envelopes, and by sleight of hand he replaces the money envelopes with one stuffed with newspaper.

larceny offense before defense counsel's argument to the jury.

Rule 30 of the Federal Rules of Criminal Procedure establishes a procedure whereby counsel can petition for instructions and learn the judge's intended course before arguing to the jury and can thus shape their argument in the light of the judge's forthcoming instructions.[6] Customary practice, and the spirit of Rule 30 require the judge to advise counsel prior to the summation of his proposed instructions on matters not covered by requests of counsel. See Wright v. United States, 339 F.2d 578 (9th Cir. 1964). The arguments below were not transcribed, but we assume defense counsel may well have summed up differently had he anticipated a larceny instruction.

 Assuming, however, that the failure to inform defense counsel of the larceny charge before he summed up constituted error under Rule 30, it lacked the prejudice necessary to constitute reversible error. While it is never possible to assert with absolute certitude that the result would not have been different if no error had been committed,[7] we feel confident that actual prejudice to the defendant was negligible, "an inconsequential sort and ought not to set aside the trial."[8]

"The relative strength of the evidence against the defendant is a material factor in weighing whether trial errors require reversal."[9] Here defendant's admission in open court established his intention and attempt to trick complainants. Under the circumstances the damage was done when appellant took the stand, and it is not likely that any variation in summation would have changed the verdict. Even assuming, arguendo, that the summation of defense counsel was more clear-cut in referring to defendant's larcenous intent than would have been the case if he had known the judge would charge on larceny as a lesser included offense, defendant's testimony, if made, influenced the jury to disbelieve that part of defendant's testimony which would have negatived grand larceny.[10]

There is more difficulty with the contrary possibility, that counsel went beyond what defendant testified. It could be said, and in some cases properly, that the trial judge could not have anticipated this, that to some degree the charge may be shaped to the argument.[11] But

6. Rule 30, FED.R.CRIM.P.:

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury. As amended Feb. 28, 1966, eff. July 1, 1966.

7. *Compare* Fuller v. United States, 132 U.S.App.D.C. 264, 407 F.2d 1199 (Sept. 26, 1968).

8. Steinberg v. United States, 162 F.2d 120, 125 (5th Cir.), cert. denied, 332 U.S. 808, 68 S.Ct. 108, 92 L.Ed. 386 (1947).

9. Cross v. United States, 122 U.S.App.D.C. 283, 285, 353 F.2d 454, 456 (1965). *See also* Berger v. United States, 295 U.S. 78, 88–89, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

10. On the points where defendant and the men differed, the jury was permitted to believe defendant in part, as to his admitted larcenous intent and effort, and complainants in part, that defendant took the money and that it exceeded $100. Belton v. United States, 127 U.S.App.D.C. 201, 206, 382 F.2d 150, 155 (1967).

11. Whether the requirements of Rule 30 are flexible and can bend to permit the court to conform its charge to issues underscored by closing argument of counsel

there is circularity involved in beginning with the premise that the defense counsel should have advance knowledge of the instructions in order to shape his summation, and then saying that the content and quality of his summation properly led to a re-shape of instructions.

■ The present record does not permit reflective delineation of the applicable doctrine beyond taking account of the problem. The rule that emerges will likely depend on appraisal of reasonable range for both counsel and the trial judge in the particular situation. Certainly, however, the interest of justice is best served by diligent effort on the part of the trial judge to apply Rule 30, both in letter and in spirit. In this case we have been more ready to assume that the instruction was error because the possibility of lesser included offense was in the case from the time the defendant testified. In general the trial judge should withhold charging on lesser included offense unless one of the parties requests it, since that charge is not inevitably required in our trials, but is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics. If counsel ask for a lesser-included-offense instruction, it should be freely given. *See* Belton v. United States, *supra* note 10. If it is not requested by counsel, it is properly omitted by the trial judge, and certainly should not be initiated by the judge after summations are completed, except possibly in an extreme case.[12] Taking the situation before us in its probable ramifications we conclude that the interest of justice is served by affirmance on the ground of lack of substantial prejudice. We take into account, *inter alia*, that defense trial counsel did not request leave to make a supplementary summation, which might remove prejudice in some cases, and more significantly did not point out to the judge how the proposed instruction would work particular prejudice in the light of the summation counsel had already made.

■ 3. This leads us to appellant's contention that the indictment did not give adequate notice of the charges to be met and that the variation between the indictment and the charge to the jury violates the Sixth Amendment. The indictment is, for legal purposes, sufficient notice to the defendant that he may be called to defend the lesser included charge. *See* Fed.R.Crim.P. 31(c). This established doctrine has been approved in our cases, most recently by our en banc opinion in Fuller v. United States, *supra*.

■ The Rule, and its legislative forbear, proceed on the premise that the overall interest of justice lies in permitting an instruction of a lesser offense "necessarily included in the offense charged," and permitting the prosecution to seek a verdict on that offense even though it has failed to convince the jury of some element of the greater offense named in the indictment. Kelly v. United States, 125 U.S.App.D.C. 205, 370 F.2d 227 (1966), cert. denied, 388 U.S. 913, 87 S.Ct. 2127, 18 L.Ed.2d 1355 (1967). It may be that actual notice of this possibility is different from the notice implied by a rule of law, but there is no injustice in requiring the defense to be sensitive about the possible legal risks involved when the defendant is implicated in elements of a "lesser" crime by his own testimony.

These risks are offset by possible benefits from the manifestation or at least appearance of candor on the part of the accused.

---

is a question we need not answer. The premise of Rule 30 is that after all the evidence is submitted it is possible to structure the issues and that counsel should be advised of the court's thinking so it may argue appropriately. We can, however, envision a case where the need for an instruction becomes apparent only after closing arguments.

12. Here the matter was not initiated by the prosecutor; it was picked up by the prosecutor after the judge advanced the point. While that procedure is permissible when instructions are discussed prior to summation, the procedure here involved the issue of Rule 30.

It is beyond dispute that larceny is a necessarily lesser included offense of the crime of robbery. *See* Lamore v. United States, 78 U.S.App.D.C. 12, 136 F.2d 766 (1943).[13] While Crosby v. United States,[14] cited by appellant, holds that assault with a deadly weapon is not a lesser included offense within a robbery charge, it reaffirms the availability of a larceny verdict on a robbery indictment.

Affirmed.

J. Skelly Wright, Circuit Judge, dissented in part.

---

13. Our *Lamore* holding has been cited with approval in our subsequent cases. *See* Edwards v. United States, 78 U.S.App. D.C. 226, 229, 139 F.2d 365, 368 (1943), cert. denied, 321 U.S. 769, 64 S.Ct. 523, 88 L.Ed. 1064 (1944) ; Younger v. United States, 105 U.S.App.D.C. 51, 263 F.2d 735, cert. denied, 360 U.S. 905, 79 S.Ct.

1289, 3 L.Ed.2d 1257 (1959). It has also been followed in other circuits. *See* Rutkowski v. United States, 149 F.2d 481, 482 (6th Cir. 1945) ; 8 Moore's Federal Practice 31.03 (2d ed. 1968).

14. 114 U.S.App.D.C. 244, 339 F.2d 743 (1964).