UNITED STATES of America,
Appellee,

v.

Orville Victor BELT, Appellant.

UNITED STATES of America,
Appellee,

v.

Floyd Lewis ROUILLARD, Appellant.

Nos. 74–1556, 74–1566.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 23, 1975.

Decided May 8, 1975.

Harold E. Shaw, Rapid City, S. D., and
A. P. Fuller, Lead, S. D., for appellants.

Larry Von Wald, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before LAY and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

LAY, Circuit Judge.

The defendants Orville Belt and Floyd Rouillard were each convicted of one count of burglary in violation of 18 U.S.C. § 1153[1] and S.D.C.L. § 22–32–1,[2] two counts of robbery in violation of 18 U.S.C. § 2111,[3] and one count of larceny in violation of 18 U.S.C. § 661.[4] The charges were based on a single incident which occurred on the night of December 21, 1973, at the home of Samuel and Jennie Eagle Star near Pine Ridge, South Dakota. On that night, intruders broke into the Eagle Stars' home, beat both Mr. and Mrs. Eagle Star and left with money, a Treasury check and some groceries belonging to the couple.

■ The only issue of merit[5] raised by the defendants relates to the propriety of the court's instruction and the subsequent conviction and sentencing on the separate counts of burglary, robbery and larceny when those counts all arose from the same factual occurrence.[6] The de-

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. 18 U.S.C. § 1153 provides in pertinent part:

    Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to kill, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

    \* \* \* \* \* \*

    As used in this section, the offenses of burglary, assault with a dangerous weapon, assault resulting in serious bodily injury, and incest shall be defined and punished in accordance with the laws of the State in which such offense was committed.

2. S.D.C.L. § 22–32–1 provides:

    Every person is guilty of burglary in the first degree who breaks into and enters in the nighttime the dwelling house of another in which there is at the time some human being, with intent to commit some crime therein:

    (1) By forcibly bursting or breaking the wall or an outer door, window, or shutter of a window of such house, or the lock or bolt of such door, or the fastening of such window or shutter;

    (2) By breaking in in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present; or

    (3) By unlocking an outer door by means of false keys or by picking the lock thereof.

3. 18 U.S.C. § 2111 provides:

    Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

4. 18 U.S.C. § 661 provides:

    Whoever, within the special maritime and territorial jurisdiction of the United States, takes and carries away, with intent to steal or purloin, any personal property of another shall be punished as follows:

    If the property taken is of a value exceeding $100, or is taken from the person of another, by a fine of not more than $5,000, or imprisonment for not more than five years, or both; in all other cases, by a fine of not more than $1,000 or by imprisonment not more than one year, or both.

    If the property stolen consists of any evidence of debt, or other written instrument, the amount of money due thereon, or secured to be paid thereby and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, shall be the value of the property stolen.

5. Defendants also challenged the sufficiency of the evidence and the propriety of several of the district court's other instructions. No objection was made at the time of trial to the instructions as required by Fed.R.Crim.P. 30. Nevertheless the objections now raised are clearly without merit under settled holdings of this court. There can be little doubt as to the sufficiency of the evidence. The evidence of the guilt of the defendants is overwhelming.

6. The defendant Belt received an 11-year sentence on each of the first three counts and a five-year sentence on the larceny count, with all sentences to run concurrently. The defend-

fendants contend that burglary and larceny are lesser offenses which merged in the more serious crime of robbery and that they should not have been convicted on each separate count.[7]

■■ We disagree as to the burglary charge. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court set forth the test for determining separate offenses:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182. This rule, though criticized, is still followed. *See* Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 405 (1958); Rosenberg v. United States, 346 U.S. 273, 294, 73 S.Ct. 1152, 97 L.Ed. 1607 (1953). The law is clear that burglary and robbery are separate offenses under this test. The essential element of the crime of robbery is the taking and carrying away of the goods of another by force or intimidation, whereas the essence of burglary is the act of breaking and entering with intent to steal. Each crime requires proof of an essential element which the other does not and a single occurrence can support both charges. *See* Dunaway v. United States, 170 F.2d 11 (10th Cir. 1948); *cf.* Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915).

■ The convictions for robbery and larceny, however, cannot both stand. "It is beyond dispute that larceny is a necessarily a lesser included offense of the

crime of robbery." Walker v. United States, 135 U.S.App.D.C. 280, 418 F.2d 1116, 1120 (1969). *See also* Lamore v. United States, 78 U.S.App.D.C. 12, 136 F.2d 766 (1943); 8 Moore's Federal Practice § 31.03[2] (2d ed. 1975); *cf.* Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). The government's contention that larceny as defined in § 661 is distinct under the *Blockburger* test from robbery since the latter requires no proof of value is incorrect. The element of value in § 661 establishes the degree of the larceny committed for purposes of prescribing punishment; it is not an essential element of the crime of larceny. As Chief Judge Murrah said in Larson v. United States, 296 F.2d 80 (10th Cir. 1961):

> [T]he gravamen of the offense charged under Section 661, is the theft of property. Proof of this element, regardless of the value of the thing stolen, establishes no less than the misdemeanor set forth in the statute. Subsequent proof that the thing stolen had a value in excess of $100.00 bears only upon the penalty which may be imposed.

*Id.* at 81. Hence, conviction and sentence under both counts resulted in placing the defendants in jeopardy twice for one and the same offense. Rutkowski v. United States, 149 F.2d 481 (6th Cir. 1945); State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961).

■ When, as here, a defendant is convicted of both a greater and lesser included offense, the conviction and sentence on the lesser charge must be vacated. *See* United States v. Howard, 507 F.2d 559 (8th Cir. 1974); United States v. Lewis, 157 U.S.App.D.C. 43, 482 F.2d 632, 647 (1973).[8] *Cf.* Fuller v. Unit-

---

ant Rouillard received a ten-year sentence on each of the first three counts and a five-year sentence on the larceny count, with all sentences to run concurrently.

7. The common law doctrine of merger no longer exists. *See* 1 Burdick, Law of Crime § 85 (1946). That term, however, is now commonly used to refer to the constitutional prohibition, arising out of the double jeopardy clause,

against punishing a person twice for the same act or offense.

8. The defendants have raised the specter of Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), and argue that their convictions under both the robbery and larceny counts must be vacated. In *Milanovich* the defendant had been charged with the distinct crimes of larceny under paragraph (1)

ed States, 132 U.S.App.D.C. 264, 407 F.2d 1199, 1232–33 (1968) (en banc), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969). The government has argued that since the defendants' sentences under the robbery and larceny convictions were made concurrent with the greater sentence under the burglary conviction, the concurrent sentence rule eliminates the need for any consideration of the validity of those convictions or for the granting of any relief. We seriously question the efficacy of the concurrent sentence rule where the crimes charged in the various counts are serious and differing in substance. In such instance, the possibility of collateral effects from a possibly erroneous conviction appear very real. In United States v. Tanner, 471 F.2d 128 (7th Cir. 1972), the court recognized the possible effects and expressed a view with which we concur:

[T]he Supreme Court's decision in Benton v. Maryland, 395 U.S. 784, 791, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), constitutes a reevaluation of the "concurrent sentencing doctrine." *Benton* holds that there is no jurisdictional bar (stemming from the requirement of justiciability) to a consideration of all counts under concurrent sentences. The Court points out that an unreviewed count could increase an appellant's future sentencing under an habitual offender statute, or adversely affect his chances for parole, or be used to impeach his testimony at a future trial. *Benton* suggests that review is desirable where adverse collateral consequences of this nature may flow from conviction. *See* Davie v. United States, 447 F.2d 480 (7th Cir. 1971); United States v. Febre, 425 F.2d 107 (2d Cir. 1970), cert. denied, 400 U.S. 849, 91 S.Ct. 40, 27 L.Ed.2d 87

(1971). Since we cannot say that there is no possibility of undesirable collateral consequences attendant upon these convictions, we choose to consider the validity of all the challenged counts.

*Id.* at 140.

The judgments of conviction on Count IV are ordered vacated; the judgments of conviction on Counts I, II and III are affirmed.

---

of 18 U.S.C. § 641 and receiving stolen property under paragraph (2) of § 641 based on the same occurrence. Neither was a lesser included offense of the other and the facts necessary to convict the defendant of one were inconsistent with a conviction for the other. The Court concluded the jury should have been instructed that it could convict the defendant of either offense but not of both and it vacated both

convictions because it could find no way of determining what the jury's choice would be if properly instructed. Where, however, as here, there is a greater and lesser included offense and no inconsistency in their respective elements but only an additional element in the greater offense (*i. e.*, the use of force or intimidation), the problem in *Milanovich* is absent.