UNITED STATES of America

v.

John W. SINGLETON, Defendant.

No. 76 Cr. 568 (MP).

United States District Court,
S. D. New York.

March 17, 1978.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y. by Peter Noel Duhamel, Asst. U. S. Atty., New York City, for the United States.

Martin D. Cohen, Newark, N. J., for defendant.

## MEMORANDUM

POLLACK, District Judge.

### SUMMARY

On January 27, a jury found Singleton guilty of two lesser included counts of wilful failure to file tax returns, 26 U.S.C. § 7203. At the same time, the jury announced that it was unable to agree on a verdict on four counts of tax evasion, 26 U.S.C. § 7201, among them the counts which included the lesser offenses of failure to file, and a mistrial was declared with respect to the tax evasion counts. Singleton moves to set aside the verdict on the section 7203 counts on the grounds that he was not adequately warned that the jury would be permitted to convict on the lesser offenses, that the charge was improper in various respects, and that the jury could not properly convict on the lesser charges while deadlocked with respect to the greater charges. He also moves for acquittal on all counts on the ground that the evidence was not sufficient to support a conviction. The motions are denied.

### CONTENTIONS OF THE PARTIES

The motion for acquittal on the ground of insufficient evidence merely reiterates motions made and denied during the trial and immediately after the verdict. No new authority has been cited, nor has any other reason been given why the Court should depart from rulings made with a fresh recollection of the evidence.

In the Brief in Support of Defendant's Motion for Post-Trial Relief, defendant argues, first, that the jury should not have been instructed that it could convict him of the lesser included offenses. In this connection, he asserts that the Court may not give such an instruction sua sponte, absent a request from either party (2–9), and that a lesser offense charge may only be given if the defense has been given notice in advance (10). Further, defendant asserts without elaboration that a violation of section 7203 is not a lesser included offense comprised by section 7206 because it is not "necessarily included," Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). (4 n. *) In addition, Singleton contends that the lesser included offense charge was fatally unclear because it did not adequately distinguish between the greater and the lesser offenses. (9–10 & n. *)

Second, defendant asserts that the jury may only consider a lesser included charge after unanimously acquitting of the greater offense. Thus, he asserts that the charge was defective because it failed to so instruct the jury, and that in any event the jury acted improperly in returning a verdict on the lesser offenses while deadlocked on the greater. (11–12)

After reading the trial transcript and the Court of Appeals' opinion in United States v. Tsanas, No. 77–1348, 572 F.2d 340 (2d Cir. Jan. 13, 1978), cert. denied, —— U.S. ——, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978), defendant supplemented his brief with a letter, dated February 14, 1978. In the letter, he concedes that, as in the charge approved in Tsanas, the jury was instructed that "if you unanimously find him not guilty of such evasion, then" it could consider the lesser included offense. He endeavors to distinguish Tsanas on the grounds that (1) Tsanas requested a lesser included offense charge, (2) he did not object to the charge as given, and (3) the jury followed its instructions to consider the lesser charge only after unanimously acquitting of the greater.

In response, the government argues, first, that defendant had notice from the outset that failure to file was part of what the government intended to prove. Second, the government asserts that the Court could properly charge the jury on the lesser included offenses sua sponte. It notes that the leading case of United States v. Harary, 457 F.2d 471 (2d Cir. 1972), relied on by defendant, merely held that a prosecutor is not entitled to a lesser offense charge when the element distinguishing the greater and lesser offenses is not disputed, id. at 478. Finally, the government points out that in Tsanas, the Court of Appeals held (1) that a defendant is entitled to his choice of instructions either that the jury must unanimously acquit of the greater offense before considering the lesser or that it may consider the lesser if it cannot agree on the greater after reasonable efforts, and (2) that if the defendant fails to exercise this

election, the Court is entitled to choose. The government asserts that Singleton never made such a choice, so that whichever procedure the Court adopted was proper.

DISCUSSION

■ *1. Instruction on lesser offense sua sponte.* The Court properly may instruct the jury concerning lesser included offenses without request from either party. "If the 'lesser included' hypothesis is clear from the evidence the court should give it without request . . . ." 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 18.05, at 584 (3d ed. 1977). Indeed, a conviction might be reversed for failure to give such an instruction sua sponte, if it amounts to plain error. *Giles v. United States,* 144 F.2d 860, 861 (9th Cir. 1944) (dictum).

The government's discussion of *Harary* is correct. In addition, defendant relies on *Walker v. United States,* 135 U.S.App.D.C. 280, 418 F.2d 1116 (1969). However, that case, which affirmed the lesser offense conviction, was concerned only with whether defendant was given proper notice of the instruction. Indeed, defendant apparently overlooked the following footnote, although it appears on the page from which he quotes:

"Here the matter [of the lesser offense instruction] was not initiated by the prosecutor; it was picked up by the prosecutor after the judge advanced the point. While that procedure is permissible when instructions are discussed prior to summation, the procedure here involved the issue of Rule 30 [notice of instructions before summation]."

135 U.S.App.D.C. at 283, 418 F.2d at 1119 n. 12.

■ Finally, there is no question but that the government is entitled to a lesser offense charge upon request, in proper circumstances. *See United States v. Harary,* 457 F.2d 471, 478 (2d Cir. 1972). Defendant has made no effort to explain why his rights are violated if the Court initiates a lesser offense charge, while they would not be if the charge were sought by the government.

■ *2. Notice.* Defendant was given proper notice of the lesser offense charge. In the very case which defendant cites as his sole authority on this point, the court wrote:

"So far as a requirement of notice to defendant Brewster that at trial he would have to meet a charge based on the illegal gratuity section 201(g), we observe that any trial counsel is always on notice of Fed.R.Crim.P. 31(c), permitting an instruction to the jury and conviction on a lesser included offense, even though not specifically charged in the indictment. In Brewster's case specifically, trial counsel undeniably was also on notice of the similar language, textual proximity, and logical relationship of sections 201(c)(1) and (g), all of which raised the reasonable prospect that accepting an illegal gratuity under section (g) would be construed as a lesser offense included within accepting a bribe under section (c)(1). Given Rule 31(c), defendant therefore had ample notice of his need to prepare a defense against an unlawful gratuity charge."

*United States v. Brewster,* 165 U.S.App. D.C. 1, 9–10, 506 F.2d 62, 74–75 (1974) (dictum); *accord, Walker v. United States,* 135 U.S.App.D.C. 280, 283, 418 F.2d 1116, 1119 (1969). *Walker* stated that generally the defense should be notified of a lesser offense charge before summation, 135 U.S. App.D.C. at 282, 418 F.2d at 1118, (dictum) but Singleton was so advised.

■ *3. Lesser included offense.* Under the circumstances of this case, a violation of section 7203 was a lesser included offense comprised within section 7206. "Where there is, in a § 7201 prosecution, a disputed issue of fact as to the existence of the requisite affirmative commission in addition to the § 7203 omission, a defendant would, of course, be entitled to a lesser-included offense charge based on § 7203." *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965) (dictum); *accord, United States v. Cook,* 505 F.2d 659, 665 (5th Cir. 1974), *cert. denied,* 421 U.S. 1000, 95 S.Ct. 2397, 44 L.Ed.2d 667 (1975).

A number of cases have sustained convictions under section 7201 or its predecessor

despite the trial court's refusal to give a lesser included offense charge under section 7203 or its predecessor. However, in these cases either (1) the element which would distinguish the greater and lesser offenses was not contested, so that the jury could not rationally acquit of the greater and convict of the lesser offense, *Sansone v. United States, supra; United States v. Minker,* 312 F.2d 632, 635–36 (3d Cir. 1962), *cert. denied,* 372 U.S. 953, 83 S.Ct. 952, 9 L.Ed.2d 978 (1963) (*semble*), or (2) it was uncontested that the defendant had filed a return and paid the tax obligation reported, so that there was no basis for a conviction under section 7203 as construed by the court, *Janko v. United States,* 281 F.2d 156, 164 (8th Cir. 1960), *rev'd on confession of error,* 366 U.S. 716, 81 S.Ct. 1662, 6 L.Ed.2d 846 (1961); *Dillon v. United States,* 218 F.2d 97, 101 (8th Cir.), *cert. dismissed,* 350 U.S. 906, 76 S.Ct. 191, 100 L.Ed. 796 (1955).

■ *4. Clearness of charge.* The charge drew a clear line between the greater and lesser offenses. After explaining the elements of a section 7201 violation, the Court stated:

"Now, the other aspects of counts 3 and 4, the wilful failure to file corporate returns, does not require any finding of an affirmative act of evasion. Every corporation is obligated by law to file an income tax return regardless of whether it makes or doesn't make net income and regardless of whether the owner leaves the money to accumulate in the company and doesn't take any out. That means that it is not an essential element of a failure to file a corporate tax return that the Government show that a tax is due if there was a wilful failure to make such a corporate tax return.

"So the jury will consider and answer two questions in respect to counts 3 and 4, that is, whether the defendant (a) wilfully failed to file corporate tax returns for 1969 and 1970 with the intent to evade tax obligations of his corporation, John Wesley, Inc., or, if you unanimously find him not guilty of such evasion, then (b) that he wilfully failed to file corporate tax returns for 1969 and 1970 as required by law.

"Item (b) is sometimes referred to as a lesser included offense, because in charging failure to report income of a corporation with wilful intent to evade a tax, this includes wilful failure to report at all."

Tr. 1166–67. The charge correctly stated the distinction between the section 7203 and section 7201 offenses. *Spies v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943), held:

"Willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony."

■ *5. Conviction on lesser offense without verdict on greater offense.* It was proper for the jury to return a verdict on the lesser offenses without reaching a verdict as to the greater offenses. Different courts have reached different conclusions as to whether a jury must unanimously acquit on the greater charge before considering a lesser included charge. *See* 1 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 18.05, at 583 (3d ed.1977). The issue was recently resolved in the Second Circuit, however, by Judge Friendly's opinion in *United States v. Tsanas,* No. 77–1348, 572 F.2d 340 (2d Cir. Jan. 13, 1978), *cert. denied,* —— U.S. ——, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978). There, the trial court instructed the jury that they must unanimously acquit of the greater offense before considering the lesser offense, and the defendant claimed that it should have been instructed that it could consider the lesser offense if it was unable to reach a verdict on the greater offense after reasonable effort.

The Court of Appeals affirmed. Judge Friendly indicated that the defendant was entitled to his choice of the two forms of instruction. In the case sub judice, however, the defendant had not made a choice. Under these circumstances, the Court of Appeals held that either instruction was proper.

■ A review of the trial transcript for all of the proceedings after the defense rested, which is when Singleton claims first to have been notified of the lesser offense

charge, shows that although the defendant objected to the Court giving any lesser included offense charge, it never requested one form of the lesser offense charge or the other. Accordingly, either form was proper. Whether one considers the Court's charge, requiring a unanimous acquittal, or the actual behavior of the jury, convicting on the lesser charge without being able to reach agreement on the greater, there was no error.

A conviction on a lesser included offense, on the verdict of a jury which was unable to reach a verdict on the greater offense, was affirmed in *United States v. Smoot,* 150 U.S.App.D.C. 130, 463 F.2d 1221 (1972) (per curiam).

Defendant has not identified any error in the trial, and accordingly his motions should be and hereby are in all respects denied.