Horace Marion LARSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6790.

United States Court of Appeals
Tenth Circuit.

Nov. 14, 1961.

William R. Young, Englewood, for appellant.

James P. McGruder, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment imposed pursuant to a jury verdict finding the defendant-appellant guilty, as charged, of stealing government property of a value in excess of $100.00.

The sole ground of appeal is that the form provided on which to enter the verdict and the instructions of the trial court did not afford the jury an opportunity to find the appellant guilty of a lesser included offense in the event they believed, in accordance with evidence presented by appellant, that the stolen property was valued at less than $100.00.

18 U.S.C.A. § 661 makes unlawful the theft of personal property within the special maritime and territorial jurisdiction of the United States and provides that if the property taken is of a value exceeding $100.00, or is taken from the person of another, then the penalty may be a fine of not more than $5,000.00 or imprisonment for not more than 5 years, or both, and, in all other cases, the penalty may be a fine of not more than $1,-000.00 or imprisonment for not more than 1 year, or both.

The trial court instructed the jury that the crime charged contained two elements—that of the theft, and whether the property, at the time it was taken, was of a value exceeding $100.00—and that if the jury entertained a reasonable doubt as to either of these elements, then a verdict of not guilty should be returned. The forms provided the jury

on which to enter their verdict were simply "guilty as charged" and "not guilty as charged" and no instruction on a lesser included offense was given.

Rule 31(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., states that "(T)he defendant may be found guilty of an offense necessarily included in the offense charged * *." To be "necessarily included" within the meaning of the Rule, the lesser offense must be such that it is impossible to commit the greater without having first committed the lesser. Giles v. United States (9th Cir.) 144 F.2d 860; James v. United States (9th Cir.) 238 F.2d 681, 16 Alaska 513. And, " * * * where some of the elements of the crime charged themselves constitute a lesser crime * * *," and there is evidence to support them, the defendant is entitled to an instruction thereon. Berra v. United States, 351 U.S. 131, 134, 76 S.Ct. 685, 688, 100 L.Ed. 1013.

An essential element and, indeed, the gravamen of the offense charged under Section 661, is the theft of property. Proof of this element, regardless of the value of the thing stolen, establishes no less than the misdemeanor set forth in the statute. Subsequent proof that the thing stolen had a value in excess of $100.00 bears only upon the penalty which may be imposed. Stated differently, the crime of stealing property valued in excess of $100.00 necessarily includes, as an integral step in its commission, a theft of property. This theft, standing alone, is a lesser offense, necessarily included in the offense charged.

Relying on MacIllrath v. United States, 88 U.S.App.D.C. 270, 188 F.2d 1009, the Government argues that the Rule is permissive and not mandatory and that the trial court was under no obligation to give any instruction on the lesser included offense. In MacIllrath, however, there was no evidence to support the lesser offense and the defendant made no request for the instruction. In any event, we are convinced that where, as here, there is proof to support a lessor offense necessarily included in the offense charged, and the defendant timely requests that such lesser offense be submitted to the jury, the failure to do so withdraws from the jury a measure of defense to which the defendant is entitled and constitutes reversible error. See: Berra v. United States, supra; Stevenson v. United States, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980.

Reversed and remanded for new trial.