**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Walter Ivan COOPER,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Raymond Keith COOPER,**
**Defendant-Appellant.**

**Nos. 86–1477, 86–1508.**

United States Court of Appeals,
Tenth Circuit.

Feb. 27, 1987.

Susan Otto, Asst. Federal Public Defender (Steve Soltis, Asst. Federal Public Defender, on the brief), Oklahoma City, Okl., for defendant-appellant Walter Ivan Cooper.

Peter Schild, Boulder, Colo., for defendant-appellant Raymond Keith Cooper.

Eleanor D. Thompson, Asst. U.S. Atty. (William S. Price, U.S. Atty., with her on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Before McKAY, SETH and BALDOCK, Circuit Judges.

SETH, Circuit Judge.

The two defendants-appellants are brothers and were indicted together in a single count indictment under 18 U.S.C. § 113(a). The charge in the statutory language was that the defendants, members of the Comanche Tribe on an Indian allotment, "did assault ... Jaime Fernandez with intent to commit murder ... in violation of Title 18, United States Code, Sections ... 113(a)...." The defendants were convicted under 18 U.S.C. § 113(f) as a lesser included offense.

The issues on appeal raise questions as to what are lesser included offenses in 18 U.S.C. § 113(a), especially § 113(f), and whether the court should have instructed on that subsection and on others without request from the government or defendants.

A description of the facts on which the charge was based is necessary. At the time of the incident the victim was working on his car in the yard of a friend, Bruce McCarthy. The defendants came from a nearby house to where the victim was working. The victim testified that he considered the defendants to be his friends and family and was not concerned when they approached him. There was hostility between the victim and the person at the house nearby where the defendants had been drinking before confronting the victim. Raymond Cooper began to verbally abuse the victim and came very close to him. The victim pushed him back and was then hit by Walter Cooper. The victim turned to confront Walter Cooper who then shot him in the chest. Raymond Cooper then told his brother to "finish off" the victim—to go ahead and kill him—and then approached the victim with a knife. The victim apparently attempted to seize the knife and was cut slightly by it. The incident ended and defendants left. Defendants had been drinking at a neighbor's house before the incident as reported by the witness, Bruce McCarthy. He also saw them drinking there when he returned to his house after taking the victim to the hospital. The shot damaged the victim's liver, surgery was necessary, and he was hospitalized for about a month and a half.

The facts were uncomplicated, the incident was outdoors within a small space, in daylight, and the parties and the witnesses were well known to each other. It was, of course, obvious at the end that the victim had been shot at close range and left on the ground.

At the conclusion of the trial the court instructed the jury *sua sponte* on what it considered to be several lesser included offenses in 18 U.S.C. § 113(a). These were:

§ 113(c) "Assault with a dangerous weapon with intent to do bodily harm...."

§ 113(d) "Assault by striking, beating, or wounding...."

§ 113(e) "Simple assault...."

§ 113(f) "Assault resulting in serious bodily injury...."

The parties agree that by reason of the intoxication of the defendants they were not capable of forming the specific intent required in § 113(a), which, as mentioned, was *the* charge in the indictment.

The defendants objected to the instructions as to § 113(c) and § 113(f) on the ground that these were not lesser included offenses. No objections were made to the instructions on § 113(d) or § 113(e). Defendants also made no objection to the fact that the instructions were given *sua sponte*. The jury found the defendants guilty under 18 U.S.C. § 113(f)—assault resulting in serious bodily injury.

Defendants on appeal assert as error the *sua sponte* origin of the instructions on what the court considered to be lesser included offenses. Neither the defendants nor the government had requested such instructions. This appeal is thus not the

typical one wherein a defendant had requested lesser included offense instructions which were not given.

The defendants also, as mentioned, assert that § 113(f), on which they were convicted, was not a lesser included offense in § 113(a) under our decisions. This objection was made at trial and is preserved on appeal.

■ The *sua sponte* objection raised on this appeal was not made during the trial and will not be considered as there has been no showing that there was plain error as to this point. *United States v. Hubbard*, 603 F.2d 137 (10th Cir.1979); *Chavez v. New Mexico*, 456 F.2d 1072 (10th Cir. 1972). We are not convinced that there was such error or any error. There are no persuasive authorities on the point and we must start with the proposition that the trial court instructs the jury in accordance with the evidence and the applicable law whether requested or not.

The defendant Raymond Cooper asserts that there can be an assault with intent to commit murder under § 113(a) without violating § 113(f). He also asserts that the greater offense, assault with intent to commit murder, contains the element of intent not included in simple assault which could not be established in this case thus only simple assault was possible. He asks that a judgment be entered for simple assault (§ 113(e)) as a lesser included offense rather than having a retrial as requested by defendant Walter Cooper.

Walter Cooper seeks a new trial. His argument is directed to the elements of the several offenses under the statute. Thus, despite the fact that defendants seek a different remedy, they both assert that § 113(f) is not a lesser included offense in the one charged.

■ Here the evidence supported the giving of the instruction on § 113(f). This is, of course, a fundamental requirement for any instruction. With that requirement satisfied what standards under our decisions should be applied to determine whether § 113(f) is a lesser included offense in the offense charged? There is, of course, the notice factor. Thus a defendant is considered to be on notice to defend against such lesser offenses as may be included in the offense charged.

■ The defendants assert that there was no notice that the government's evidence would show bodily injury to the victim. However, the obvious serious injury to the victim by a gunshot could not have been ignored by defendants. Referring again to the uncomplicated nature of the proof, with a single incident, the limited area and time involved, the fact that the witnesses were friends or acquaintances in the neighborhood, and the obviousness of the injury, we cannot conclude that there would be any question as to what proof would be produced by the government. There is really no issue of "notice" to the defendants. It was obvious from the start that they would be confronted with proof of serious bodily harm at the trial on § 113(a) as the "assault."

■ The offense under § 113(a) could be established with or without proof of bodily harm or serious bodily harm. Since "harm" was not necessary to establish the offense it was not necessary to allege it. It was possible to prove all elements of § 113(f) in the proof of § 113(a) and this was done. All of § 113(a) was not established as the "intent" element was not proved. This was the contested fact issue as to the greater offense which triggered the lesser included offense instruction under *Sansone v. United States*, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). *See also* Rule 31(c) of the Rules of Criminal Procedure.

The lesser included offense doctrine has not been held by the Supreme Court to be a component of due process. Instead the reference has been to Rule 31(c) of the Rules of Criminal Procedure. *United States v. Pino*, 606 F.2d 908 (10th Cir. 1979). The basis for the holding in *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), was a construction of Rule 31(c). The "necessarily included" language in the Rule was construed initially to lead to a rule applied in a certain category of cases as the "impossi-

bility" rule. Thus in *Larson v. United States*, 296 F.2d 80 (10th Cir.1961), we considered an appeal where the charge was stealing government property with a value of more than $100. There was a value issue and we held that the lesser offense was stealing property with a value of less than $100. It was easy to state the "impossibility" rule which we there stated to be:

> "[T]he lesser offense must be such that it is impossible to commit the greater without having first committed the lesser."

In *Larson* we were there not faced with the possibility that the greater offense could be committed in several different ways as in the case before us and as in *United States v. Pino*, 606 F.2d 908 (10th Cir.1979). It thus became apparent that the "impossibility" test could not be made applicable to all situations.

Thus in *United States v. Pino*, we were concerned with another category of cases. There the charge was involuntary manslaughter by the operation of a car in a reckless and wanton manner causing death. Recklessness and wantonness were the disputed factors required in the manslaughter charge. We held that an instruction on "careless driving" should have been given as a lesser included offense. We relied on *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, and on *United States v. Whitaker*, 447 F.2d 314 (D.C.Cir.1971), and did not apply *Larson*, in view of the several different ways in which the greater offense—the core offense—could be committed. In the case before us the same consideration applies as assault with intent to commit murder can be committed in several different ways, and also because "assault" is the core offense for the several subsections including § 113(a) and § 113(f). The trial court gave the basic "assault" instruction. In our view *Pino* controls this case.

In *United States v. Zang*, 703 F.2d 1186 (10th Cir.1982), (reversed on another ground), we described the "inherent relationship" doctrine, whereby the aim and purpose of the statute concerned is examined to see if there is a close relationship and purpose among the several offenses. This in substance was the holding in *Pino*. As *Pino* demonstrates, we cannot agree with *United States v. Knife*, 592 F.2d 472 (8th Cir.1979).

■ Our decisions, like most from other courts, are on appeals wherein the defendant has requested and has been denied a lesser included offense instruction. We hold that the same considerations apply to the circumstances presented in the case before us. The trial judge must give instructions to the jury as required by the evidence and the law where the parties so request or not, and to do so although objections are made. The trial judge is charged with the responsibility for instructing the jury. This is not controlled by the parties as their function and duty is to bring to the court's attention the instructions they consider applicable and the reasons why they should be given. The fact that the defendants here objected to the giving of lesser included offense instructions does not alter the prevailing standards applied in cases where the defendant has requested but has been refused such instructions.

The judgments in both cases, *United States v. Walter Ivan Cooper*, No. 86–1477, and *United States v. Raymond Keith Cooper*, No. 86–1508, are AFFIRMED.

IT IS SO ORDERED.

BALDOCK, Circuit Judge, concurring.

Defendants were indicted for assault with intent to commit murder contrary to 18 U.S.C. §§ 2, 113(a), 1151 & 1153. They were convicted of assault resulting in serious bodily injury, 18 U.S.C. § 113(f), a lesser included offense option given to the jury *sua sponte* by the district court. I agree with the result of the lead opinion, but on slightly different grounds.

At common law, the lesser included offense doctrine aided the prosecution "when its proof did not fully live up to expectation." *United States v. Markis*, 352 F.2d 860, 866 (2d Cir.1965), *vacated and remanded on other grounds*, 387 U.S. 425, 87 S.Ct. 1709, 18 L.Ed.2d 864 (1967). As the doctrine has developed, it may be to a

defendant's advantage by providing an opportunity for the jury to acquit him on the offense charged in the indictment, while finding him guilty on the lesser offense. *United States v. Chapman,* 615 F.2d 1294, 1298 (10th Cir.), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2947, 64 L.Ed.2d 827 (1980); 3 C. Wright, Federal Practice and Procedure § 515 (1982). An instruction on a lesser included offense affords the jury a less drastic alternative between conviction or acquittal on the offense charged. *Beck v. Alabama,* 447 U.S. 625, 633, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 392 (1980). Under Fed.R. Crim.P. 31(c),[1] a defendant is entitled to a lesser included offense instruction "if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973). Conviction on a lesser included offense operates as an implied acquittal on the greater offense. *Price v. Georgia,* 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970); *Green v. United States,* 355 U.S. 184, 190–91, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957).[2]

Under our prior decisions, whether an offense was a necessarily included lesser offense under rule 31 depended upon an examination of the statutory elements of the greater offense to determine whether it was impossible to commit the greater without first having committed the lesser. *Larson v. United States,* 296 F.2d 80, 81 (10th Cir.1961); *United States v. Swingler,* 758 F.2d 477, 498–99 (10th Cir.1985).

In *United States v. Pino,* 606 F.2d 908, 916 (10th Cir.1979), we followed an approach developed by the D.C. Circuit in *United States v. Whitaker,* 447 F.2d 314 (D.C.Cir.1971), which provides that the availability of lesser included offenses depends upon the evidence developed in each case rather than a strict application of the past rule for determining lesser included offenses. *See also United States v. Stolarz,* 550 F.2d 488 (9th Cir.), *cert. denied,* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977). The trial judge must determine whether there is an "inherent relationship" between the greater and lesser offense and whether the facts might support conviction on the lesser but not on the greater. The greater and lesser offenses must relate to the protection of the same interests. Under this approach, it may be possible to commit the greater offense without having committed an element of the lesser offense. *United States v. Pino,* 606 F.2d at 915.

Before analyzing the challenged lesser included offenses, it is helpful to look at the statute involved. 18 U.S.C. § 113 prohibits numerous types of assault and has widely differing penalties:

§ 113(a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years.

§ 113(b) Assault with intent to commit any felony, except murder or rape by fine of not more than $3,000 or imprisonment for not more than ten years, or both.

§ 113(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both.

§ 113(d) Assault by striking, beating, or wounding, by fine of not more than $500 or imprisonment for not more than six months, or both.

§ 113(e) Simple assault, by fine of not more than $300 or imprisonment for not more than three months, or both.

---

1. Fed.R.Crim.P. 31 provides:
   (c) Conviction of Less Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense.

2. Under the "inherent relationship" test for determining whether an offense is a necessarily included lesser offense, the double jeopardy clause of the fifth amendment would prevent retrial on one or more greater offenses to the extent that the conviction on the lesser offense operated as an implied acquittal on one or more of the greater offenses for which instructions were given. *See* 8A R. Cipes, I. Hall & M. Waxner, Moore's Federal Practice ¶ 31.03[4], *see also, United States v. Johnson,* 637 F.2d 1224, 1240 (9th Cir.1980) ("inherent relationship" test not incompatible with double jeopardy concerns).

§ 113(f) Assault resulting in serious bodily injury, by fine of not more than $10,000 or imprisonment for not more than ten years, or both.

Defendants did not object to lesser included offense instructions on §§ 113(d) & (e) which carry relatively minor penalties (maximum terms of imprisonment of six months and three months, respectively). Defendants did object to the inclusion of §§ 113(c) & (f) which carry more severe penalties (maximum terms of imprisonment of five years and ten years, respectively).

While it is true that assault with intent to commit murder does not require proof of serious bodily injury, under the inherent relationship test it may be a lesser included offense. This is because §§ 113(a) and (f) both protect bodily integrity and the facts of this case indicate that a jury could find that the actions of defendant Walter (as a principal) and defendant Raymond (as an aider and abettor) did result in great bodily harm. The victim received a gunshot wound to the chest; he remained in the hospital for a month and a half. It is beyond dispute that the victim's injuries were serious.

Defendant Raymond suggests that requiring defendants to stand trial on lesser included offenses violates due process because a defendant that is charged with a greater offense may not have sufficient notice to defend against a lesser offense if the lesser has a different element than the greater. This argument is hypothetical as defendant has failed to show any prejudice. *United States v. Galiffa,* 734 F.2d 306, 312 (7th Cir.1984). He also argues that the court is without jurisdiction to instruct on offenses other than those in the indictment. This argument is unpersuasive. After hearing the evidence, the grand jury returns an indictment charging an offense. Under Fed.R.Crim.P. 31(c), the trial jury may then consider *lesser* offenses incorporated into the offense contained in the indictment. It may not go beyond what the grand jury charges.

In *Fitzgerald v. United States,* 719 F.2d 1069, 1071 (10th Cir.1983), we indicated that a defendant is entitled to a lesser included offense instruction when: 1) there has been a proper request; 2) the lesser included offense consists of some, but not all, of the elements of the offense charged; 3) the element differentiating the offenses is in major dispute; and 4) a jury could rationally convict the defendant of the lesser and acquit of the greater.

With the exception of a proper request, I think that the above elements were satisfied in this case. Under the circumstances of this case, I am satisfied that the *sua sponte* origin of the lesser included offense instructions does not constitute reversible error. This is not a situation where both the government and defendant objected to their inclusion. Rather, the record reflects that the government did not object to the court's instructions, and the defendant objected to instructing on § 113(c) & (f) on the grounds that they were not lesser included offenses of § 113(a). Record vol. II at 239, 240. As noted, there is lack of sufficient prejudice which would warrant reversal due to the *sua sponte* origin of the instructions. Given the government's acquiescence in the instructions, the defendants' failure to properly object and the adequate notice inherent in the circumstances, the trial court's inclusion of four lesser included offense instructions on its own motion was not an abuse of discretion. *United States v. Crouthers,* 669 F.2d 635, 640 (10th Cir.1982).[3]

In some limited circumstances, it may be appropriate for a trial court to give instructions *sua sponte* even though the choice as to instructions should ordinarily lie with the parties. *See e.g. Wilson v. McCarthy,* 770 F.2d 1482, 1485 (9th Cir.1985). In this situation, however, I think it preferable for counsel to initiate requests for any instructions on lesser included offenses. As the court said in *Walker v. United States,* 418 F.2d 1116, 1119 (D.C.Cir.1969):

**3.** Defendants did not object to the instructions on the grounds that they interfered with the defense prerogative to stand trial only on the greater offense and waive the right to have all lesser offenses considered.

In general the trial judge should withhold charging on lesser included offenses unless one of the parties requests it, since that charge is not inevitably required in our trials, but is an issue best resolved, in our adversary system, by permitting counsel to decide tactics.... If it is not requested by counsel, it is properly omitted by the trial judge....

Notwithstanding, once a trial court instructs *sua sponte*, the party dissatisfied with the instruction must make an objection in accordance with Fed.R.Crim.P. 30, stating the precise grounds of the objection.

In addition, I conclude that the trial court's lesser included offense instructions were not improper because an important element differentiating the greater offense from the lesser offenses was in dispute. Specifically, the element of specific intent to commit murder required in § 113(a) was in dispute because the defendants were impaired by alcohol. Just as there was evidence which would allow the jury to infer that the defendants were not capable of forming the specific intent to commit murder, record vol. II at 86, 144, so too was there contrary evidence, record vol. II at 166, 173. Thus, there was a factual dispute concerning the state of their impairment due to alcohol. The government did not concede that the defendants were incapable of forming specific intent; to the contrary, the government in its closing argument suggested that although the defendants had been drinking, they were still capable of forming specific intent due to their tolerance for alcohol. Record vol. II at 199. Thus I cannot agree with the statement in the lead opinion that "[t]he parties agree that by reason of the intoxication of the defendants they were not capable of forming the specific intent required in § 113(a), which, as mentioned, was *the* charge in the indictment." Lead Opinion at 812 F.2d at 1284. If this statement were correct, it would raise a serious question about relying upon a greater offense (for which the parties would have agreed that there was insufficient evidence, *see* Fed.R.Crim.P. 29 (motion for judgment of acquittal)) in order to convict upon a lesser included offense.

McKAY, Circuit Judge, concurring in part and dissenting in part:

With one exception, I concur in Judge Baldock's analysis of the evolution and current status of law relating to lesser included offenses. However, in my view, that exception requires a different result.

As I understand the law, there are two parallel tests governing whether an offense is a lesser included offense. The first and traditional one is the "necessarily included" test. *United States v. Swingler*, 758 F.2d 477, 498–99 (10th Cir.1985); *Larson v. United States*, 296 F.2d 80, 81 (10th Cir. 1961). The more recently developed is the "inherent relationship" test. *United States v. Pino*, 606 F.2d 908, 916 (10th Cir.1979). I agree with Judge Baldock's analysis of these doctrines and agree that both are proper tests. However, the latter implicates an important due process concern that the former does not.

Due process requires that a defendant: 1) have notice *in advance* of the charges against him, and 2) an opportunity to prepare and execute a response to those charges, including motions, objections, affirmative evidence and trial strategy. The "necessarily included" test fully satisfies these requirements. Because each element of the lesser included offense is also an element of the primary charge, the defendant is fully notified of the charges he faces. Consequently, defense of the greater offense compels preparation and response to each element of the lesser included offense. Thus, it is perfectly proper for the court to give that instruction at the request of the defendant, the prosecution, or *sua sponte* —whether or not any party objects.

The "inherent relationship" test does not lead to the same result. By definition, at least one element of the "lesser included" offense is not an element of the greater offense with which defendant is charged. Thus, defendant does not have advance notice of at least one element against which he must defend. Furthermore, defendant

does not have the opportunity to develop his strategy with the knowledge of all matters with which he will be charged. Thus, when we look at the record, we are judging the sufficiency of the evidence based on a record which may or may not reflect the record the defendant might fairly have made had the notice been supplied.

We have only recently condemned the giving of a charge in the language of the statute when one element in the statute was not included in the grand jury charge. *United States v. Sloan*, 811 F.2d 1359, 1363 (10th Cir.1987). To emphasize the importance of the issue, we quoted from the Supreme Court's statement of the underlying principle as follows:

> If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, ... the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the constitution says "no person shall be held to answer," may be frittered away until its value is almost destroyed.

*Id.* at 1363 n. 6 (quoting *Stirone v. United States*, 361 U.S. 212, 216, 80 S.Ct. 270, 272, 4 L.Ed.2d 252 (1960)) (quoting *Ex parte Bain*, 121 U.S. 1, 10, 7 S.Ct. 781, 786, 30 L.Ed. 849 (1887)).

While the *Sloan* case is not directly on point, it reinforces the notion that the "inherent relationship" instruction is essentially an ameliorative instruction for the benefit of accused persons. Giving such instruction over objection by the accused violates both due process and the rights embodied in grand jury indictments. In light of those concerns, I would hold that, if the defendant objects, the court cannot give instructions on a lesser included offense based only on the "inherent relationship" test. Unlike the prosecution, defendant does not choose the charges but is required to respond to that for which he has been given notice. In this case, that notice was

not given in advance as to distinct elements contained in § 113(c) and § 113(f), and defendant made a timely objection. I would therefore reverse and remand for a new trial.[1]

I recognize that in this case there is some basis for confidently claiming that the trial might not have looked any different. However, I do not believe the peculiarities of the facts in this case justify a general rule which comes from sustaining the giving of these lesser included instructions over defendant's objections. Confidence in the guilt of a defendant might be said of many unrelated charges which, for one reason or another, become a part of the record—especially in conspiracy cases. We would not tolerate a conviction for an uncharged, unrelated crime, no matter how convincing the record on that issue. I would likewise not tolerate it over objection in the very loose standards which we apply in the "inherent relationship" cases.

---

1. Raymond Cooper argues that a judgment and conviction on simple assault, § 113(e), should be entered. He does not, however, argue that simple assault is the only lesser included offense of which he can be convicted. Therefore, I would also remand his case for a new trial.